UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In the Matter of the Arbitration Between: ) <br> ) <br> ALLIANCE HEALTHCARE SERVICES, INC. ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ARGONAUT PRIVATE EQUITY, LLC AND ) <br> MEDICAL OUTSOURCING SERVICES, INC. ) <br> ) <br> Respondents. ) | Case No. 11-cv-3275 <br><br> Honorable Judge Matthew F. Kennelly <br><br> Magistrate Judge Geraldine Soat Brown |

**MOTION FOR LEAVE TO ISSUE SUBPOENA IN AID OF ARBITRATION**

Respondent, Argonaut Private Equity, LLC ("Argonaut"), by its undersigned attorneys, hereby moves this Honorable Court for leave to issue a subpoena to a certain third-party witness in aid of arbitration.

**Procedural and Factual Background**

1. Claimant Alliance HealthCare Services, Inc., formerly Alliance Imaging, Inc. ("Alliance") and Respondents Argonaut and MOS, Inc. ("MOS") (collectively, the "Parties") are parties to a Membership Interest Purchase Agreement (the "MPA"), in which Alliance purchased Medical Outsource Services, LLC ("MOS-LLC") from Argonaut and MOS, and which contains a broad arbitration clause stating:

> This Agreement is to be governed in all respects the substantive laws of the State of New York, without regard to its choice of law principles. Subject to the right of any party to seek an injunction or other equitable relief from a court with applicable authority and the right of Indemnified Party described in Section 7.4(b)(v), any controversy, dispute or disagreement arising out of or relating to this Agreement shall be resolved by binding arbitration, which shall be conducted in Orange County, California (except in the case of a dispute relating to the

>application of Section 6.6 or 6.7 of this Agreement, in which case the arbitration shall take place in Cook County, Illinois) in accordance with the rules of the American Arbitration Association (the "AAA"). Except to the extent that the AAA will not accept the following procedures (in which case the procedures of the AAA for arbitration of commercial matters shall be followed): each party shall select an arbitrator from a list provided by the AAA within ten (10) days after the list is provided; after the two (2) arbitrators are selected, the arbitrators shall meet promptly to resolve the matter; if the arbitrators are unable to resolve the matter within sixty (60) days after the selection of the second arbitrator, then a third arbitrator shall be appointed by the two arbitrators, or if they cannot agree, the third arbitrator shall be selected by the arbitrators from a list provided by the AAA; promptly after the third arbitrator has been selected, the three arbitrators shall resolve the matter; and no arbitrator shall be selected who previously represented any party or its Affiliate in any capacity. A decision by a majority of the arbitrators shall resolve the matter. Any decision rendered by a majority of the arbitrators shall be final and binding on the parties and shall be enforceable in any court having jurisdiction thereof. The arbitrators shall have the authority to require the losing party to pay all costs associated with such arbitration, including expenses and fees of arbitrators. Costs shall include reasonable legal, consulting, and other fees incurred by a party in the course of such arbitration.

2. After a dispute arose regarding the MPA, Alliance demanded arbitration on June 21, 2010. The arbitration panel (the "Panel") was duly constituted as provided in the arbitration clause. The arbitration is scheduled to take place in Chicago, Illinois, per the Parties' agreement. (See Procedural Order Nos. 1 and 2 attached as Group Exhibit A.) The Parties currently are in the "discovery phase" of the arbitration.

### Request For Assistance In Aid Of Arbitration

1. On May 16, 2011 Argonaut filed its Petition to Compel Arbitration ("Petition"). (A copy of Argonaut's Petition is attached as Exhibit B.) With its Petition, Argonaut seeks the Court's assistance in aid of arbitration to enforce one of two subpoenas issued by the Panel, commanding third-party Grant Thornton, LLP ("Grant Thornton") to attend a hearing before the

American Arbitration Association on May 23, 2011 and produce documents. (*See* Subpoena To Attend Hearing And To Produce Documents Requested Under Prior AAA Subpoena, Ex. B-2.) A related subpoena was sought and obtained by MOS providing for Mr. Marc Chiang of Grant Thornton to appear and provide testimony. (*See* Subpoena To Attend Hearing And Give Oral Testimony, Ex. B-3.)

2. Grant Thornton was the consultant retained by Alliance to perform financial due diligence in connection with Alliance's acquisition of MOS-LLC. Grant Thornton's principal place of business is San Francisco, California. Grant Thornton is Alliance's consultant with respect to the underlying proceeding, but Alliance has not elected to secure Grant Thornton's cooperation in discovery.

3. On April 1, 2011, the Panel issued a Subpoena Duces Tecum to Grant Thornton, LLC., at Argonaut's request. (*See* Subpoena Duces Tecum, Ex. B-4.) No Party to the arbitration objected to the issuance of the Subpoena to Grant Thornton.

4. Grant Thornton, through its counsel Mr. Thomas Falkenberg, objected to the Subpoena Duces Tecum and refused to produce documents related to its work performed on behalf of Alliance, contending that an arbitration panel does not have the authority to compel a non-party to produce documents.

5. Counsel for Argonaut has conferred with Mr. Falkenberg on this issue, pointing out that several courts have recognized the Panel's authority to issue document subpoenas or to compel a non-party to attend a hearing to produce documents. *See Amgen Inc. v. Kidney Center of Delaware County, Ltd.*, 879 F.Supp. 878 (N.D. Ill. 1995), *dismissed on appeal for lack of subj. matter jur.*, 101 F.3d 110 (7th Cir. 1996); *Scandinavian v. Continental, No.*, 04 C 7020, 2005 WL 4440429 (N.D. Ill. June 10, 2005) (discussing the court's previous order in which it granted

leave to issue subpoenas in aid of arbitration); *In re Security Life Ins. Co. of America*, 228 F.3d 865, 870-71 (8th Cir. 2000) ("We thus hold that implicit in an arbitration panel's power to subpoena relevant documents for production at a hearing is the power to order the production of relevant documents for review by a party prior to the hearing."); *Meadows Indemnity Co., Ltd. v. Nutmeg Insurance Co.*, 157 F.R.D. 42, 45 (M.D. Tenn.1994) ("The power of the panel to compel production of documents from third-parties for the purposes of a hearing implicitly authorizes the lesser power to compel such documents for arbitration purposes prior to a hearing."); *American Federation of Television & Radio Artists v. WJBK-TV*, 164 F.3d 1004 (6th Cir. 1999). There is a split of authority on this issue in the Northern District of Illinois, upon which Grant Thornton relies. *See Matria Healthcare, LLC v. Duthie*, 584 F. Supp. 2d 1078, 1082 (N.D. Ill. 2008); *Ware v. C.D. Peacock, Inc.*, No. 10 C 2587, 2010 WL 1856021, *3 (N.D. Ill. May 7, 2010).

6. In light of Grant Thornton's refusal to cooperate in discovery under the AAA issued subpoena for documents, Argonaut requested that the Panel issue the Subpoena To Produce Documents to Grant Thornton, pursuant to 9 U.S.C. § 7.[1]

7. On April 28, 2011, the Panel—through Panel Member Judge George C. Pratt, formerly a judge for the United States District Court for the Eastern District of New York and the Second Circuit Court of Appeals—issued the Subpoena to Attend Hearing and To Produce Documents and a separate Subpoena To Attend Hearing And Give Oral Testimony. (*See* Apr. 28, 2011 Order, Ex. B-5; *see also* Exs. B-2 & B-3.) Both were returnable at a hearing to take place on May 23, 2011 at 10:00 a.m. PDT at the offices of Locke Lord Bissell & Liddell LLP, 44 Montgomery St., # 2400, San Francisco, California 94104-4711. (*See* Exs. B-2 & B-3.) The

---

[1] Furthermore, in light of Grant Thornton's indication that it would refuse to cooperate in discovery under an AAA issued subpoena to testify at a deposition, MOS requested that the Panel issue the Subpoena To Attend Hearing And Give Oral Testimony to Grant Thornton, pursuant to 9 U.S.C. § 7.

location of this special hearing in San Francisco, California was selected only as an accommodation for the witness and does not change the venue of the arbitration which is set to take place in Chicago, Illinois.

8. Moreover, the Subpoena to Attend Hearing and To Produce Documents requests the assistance of the appropriate court in aid of arbitration to enforce it: "If Grant Thornton refuses to comply with this Subpoena, *the Panel further requests the intervention of judicial authorities in aid of arbitration to enforce this Subpoena*." (Ex. B-2 (emphasis added).)

9. As of the filing of this Petition, Grant Thornton still has not agreed to comply with the Subpoena to Attend Hearing and To Produce Documents. (*See* May 11, 2011 correspondence between Mr. Falkenberg and counsel for Argonaut, Ex. B-6.)

10. As a result, Argonaut requests this Court to enforce the Hearing Subpoenas issued by the Panel and grant Argonaut leave to issue a subpoena or Mr. Mark Chiang of Grant Thornton, LLP to attend a hearing and produce requested documents and provide oral testimony, pursuant to Federal Rule of Civil Procedure 45(a)(2). (A copy of the proposed subpoena is attached as Exhibit 2). If the witness does not comply with the Court's subpoena, Argonaut may request additional relief from this Court pursuant to 9 U.S.C. § 7.

## **CONCLUSION**

WHEREFORE, Respondent, Argonaut Private Equity, LLC, respectfully requests that, in aid of arbitration, this Honorable Court grant leave to issue a subpoena for Grant Thornton, LLP to attend a hearing and produce requested documents and grant such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
| DATED: May 18, 2011 | Respectfully submitted, |
|  | ARGONAUT PRIVATE EQUITY, LLC |
| Patrick S. Coffey (# 6188134) | By:    s/ Patrick S. Coffey |
| Ashlee M. Knuckey (# 6300237) |  |
| LOCKE LORD BISSELL & LIDDELL LLP | One of Its Attorneys |

Patrick S. Coffey (# 6188134)
Ashlee M. Knuckey (# 6300237)
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, IL 60606
Direct: (312) 443-1802 (P.S. Coffey)
Fax: (312) 896-6702 (P.S. Coffey)
-and-
Paul DeMuro
OBA #17605 (*pro hac vice to be filed*)
Nora O'Neill
OBA #19901 (*pro hac vice to be filed*)
FREDERIC DORWART, LAWYERS
124 East Fourth Street
Tulsa, Oklahoma 74103
(918) 583-9922 – telephone
(918) 583-8251 – facsimile

*Counsel for Argonaut Private Equity, LLC*

## CERTIFICATE OF SERVICE

I, Patrick S. Coffey, hereby certify that on May 18, 2011, I electronically filed the foregoing "MOTION FOR LEAVE TO ISSUE SUBPOENA IN AID OF ARBITRATION" with the Clerk of the Court using the CM/ECF system, and I caused same to be served upon all interested parties via Federal Express on May 18, 2011, and via electronic mail, addressed as follows:

| | |
|---|---|
| Christopher J. Blake<br>Leslie L. Mize<br>NELSON MULLINS RILEY &<br>SCARBOROUGH, LLP<br>4140 Parklake Avenue<br>GlenLake One, Suite 200<br>Raleigh, North Carolina 27612<br>Email: chris.blake@nelsonmullins.com<br>leslie.mize@nelsonmullins.com | Adrian Mendoza, Esq.<br>John P. Siemsen, Esq.<br>LILLIG & THORSNESS, LTD.<br>1900 Spring Road, Suite 200<br>Oak Brook, Illinois 60523<br>Email: amendoza@lilliglaw.com<br>jsiemsen@lilliglaw.com |
| Grant Thornton, LLP<br>c/o Marc Chiang<br>One California Street, Suite 2300<br>San Francisco, California 94111 | Thomas F. Falkenberg<br>Williams Montgomery & John Ltd.<br>233 South Wacker Drive, Suite 6100<br>Chicago, Illinois 60606 |

                                                                 s/Patrick S. Coffey\
                                                                Patrick S. Coffey

Patrick S. Coffey (# 6188134)\
LOCKE LORD BISSELL & LIDDELL LLP\
111 South Wacker Drive\
Chicago, IL 60606\
Direct: (312) 443-1802\
Fax: (312) 896-6702

*Counsel for Argonaut Private Equity, LLC*