# GROUP EXHIBIT A

**AMERICAN ARBITRATION ASSOCIATION**

ALLIANCE HEALTHCARE SERVICES, INC.
      f/k/a ALLIANCE 1,
                Claimant,

        -V-

MEDICAL OUTSOURCING SERVICES, INC.

      and

ARGONAUT PRIVATE EQUITY, LLC,
               Respondents.

AAA# 73 103 Y 00237 10 TNM

Before :    Robert L. Brent, Esq.
            Lisa D. Taylor, Esq.
            Hon. George C. Pratt
              Arbitrators

**PROCEDURAL ORDER No. 1**

**(SUMMARIZING INITIAL HEARING
Held on January 11, 2011)**

      The initial hearing in this arbitration was held by telephone conference call on January 11, 2011. Participating were all three arbitrators, counsel for each of the three parties, and a representative of the American Arbitration Association. The following matters were discussed and, after deliberations by the Panel, determined:

1. By agreement of counsel, the hearing will be held in Chicago, Illinois, at a place to be determined by further agreement of counsel, and to be reported to the panel and the AAA by January 25, 2011.

2. No party indicated any need to amend its pleadings, heretofore filed with the AAA and provided to the Panel.

3. The Accelerated Exchange Program will be used, permitting counsel and the panel to communicate in writing directly, with a copy of any communication being

sent to the other parties and to the AAA Case Manager.  No ex parte communications with the Panel are permitted.  Communications may be by email.  Emailed documents of more than 10 pages shall be followed with a hard copy sent by overnight delivery.

4.  Counsel agreed that disputes over discovery and other procedural matters shall be submitted to the Chairman alone for decision, on the understanding that the Chairman may refer any particular dispute to the full panel for disposition.

5.  The following schedule is established for this arbitration:

Jan. 25, 2011:  Requests for document production to be served.

Mar. 28, 2011:  Document production to be completed.  Objections to requests shall be raised promptly and resolved if possible by a meet and confer process.  Unresolved disputes shall be submitted to the Chairman for resolution before Mar. 28.

Apr. 11, 2011:  Parties to designate any proposed expert witnesses, providing a copy of the expert's resume and describing briefly the subject of the expert's proposed testimony.

May 9, 2011:  Fact depositions to be completed.  Each party shall be required to submit to one 30(b)(6) deposition.  In addition, each party shall be entitled to conduct three depositions.

June 6, 2011:  Expert reports to be served and filed.

June 24, 2011:  Depositions of experts, if requested, to be completed.  The deposing party shall pay the expert's fee for its requested deposition.

<u>July 8, 2011</u>: Moving papers on any dispositive or other pre-hearing motions to be served and filed.

<u>July 29, 2011</u>:  Response papers on dispositive and other motions to be served and filed.

<u>Aug. 5, 2011</u>;   Reply papers on dispositive and other motions to be served and filed.   Oral argument on the motions by telephone conference call to be allowed only if requested by a party and approved by the Panel, or if required by the Panel.

<u>Aug. 19, 2011</u>:  Status conference by telephone conference call at 12:00 noon CDT, to be arranged by the Case Manager, to clear up any loose ends.  The call-in information will be:

**Telephone:  888-537-7715**

**Pass code:  30848991#**

<u>Sept. 2, 2011</u>:  Pre-hearing memoranda to be served and filed.

<u>Sept. 19 – 23, 2011</u>:  Evidentiary hearing to be held at a place in Chicago to be agreed upon by counsel.  Hearings shall run from 9:00 AM to 5:00 PM with appropriate breaks.

6.  The parties shall agree on a collection of joint exhibits to be submitted at the hearing.  Joint exhibits shall be designated a J-1, J-2 etc.  Additional exhibits by the parties shall be designated AH-1, AH-2, etc. for Claimant;  M-1, M-2, etc. for Respondent Medical Outsourcing Services, Inc.; and AP-1, AP-2, etc. for Respondent Argonaut Private Equity, LLC.  Exhibits shall be numbered in chronological order.

7.  Binders for submission of documents shall not exceed 2 ½ inches in thickness.

8.  If a court reporter is desired at the hearing, counsel shall agree upon and make

    the arrangements.

9.  The award shall be a reasoned award.

SO ORDERED.

Uniondale, New York
January 12, 2011                              George C. Pratt
                                             For the Panel

George C. Pratt
Farrell Fritz P.C.
1320 RXR Plaza
Uniondale NY 11556-1320
T: 516-227-0604
F: 516-227-0777

Interwoven\1674470.1

**AMERICAN ARBITRATION ASSOCIATION**
**COMMERCIAL DISPUTE RESOLUTION**
**ORANGE COUNTY, CALIFORNIA**

| | |
|---|---|
| **ALLIANCE HEALTHCARE SERVICES, INC.** ) | |
| ) | |
| **Claimant,** ) | |
| ) | |
| **v.** ) | **AAA Arbitration No.** |
| ) | **73-103 Y 00237 10SIM** |
| **ARGONAUT PRIVATE EQUITY, LLC AND** ) | |
| **MEDICAL OUTSOURCING SERVICES, INC.** ) | |
| ) | |
| **Respondents.** ) | |
| ) | |

## PROCEDURAL ORDER NO. 2 (SUMMARIZING AMENDED SCHEDULING AGREEMENT OF PARTIES)

The parties to this arbitration, Alliance Healthcare Services, Inc., Argonaut Private Equity, LLC and Medical Outsourcing Services, Inc. (collectively the "Parties") have conferred and agreed upon certain amendments to the initial schedule established for this arbitration in the initial hearing held on January 11, 2011 (See Procedural Order No. 1). The parties have agreed to extend the dates associated with experts by thirty (30) days and the dates associated with fact deposition discovery by sixty (60) days.

The Parties agree that all other dates in the original Scheduling Order shall remain unchanged and that this schedule change and Procedural Order shall not be used to support any future requests by any Party for an extension of the dates previously established for the hearing.

The following schedule is ordered for this arbitration:

May 11, 2011: Parties to designate any proposed expert witnesses, providing a copy of the expert's resume and describing briefly the subject of the expert's proposed testimony.

July 8, 2011: Fact depositions to be completed. Each party shall be required to submit to one 30(b)(6) deposition. In addition, each party shall be entitled to conduct three depositions.

July 6, 2011: Expert reports to be served and filed.

July 8, 2011: Moving papers on any dispositive or other pre-hearing motions to be served and filed.

July 25, 2011: Depositions of experts, if requested, to be completed. The deposing party shall pay the expert's fee for its requested deposition.

July 29, 2011: Response papers on dispositive and other motions to be served and filed.

Aug. 5, 2011: Reply papers on dispositive and other motions to be served and filed. Oral argument on the motions by telephone conference call to be allowed only if requested by a party and approved by the Panel, or if required by the Panel.

Aug. 19, 2011: Status conference by telephone conference call at 12:00 noon CDT, to be arranged by the Case Manager, to clear up any loose ends. The call-in information will be:

      Telephone: 888-537-7715

      Pass code: 30848991#

Sept. 2, 2011: Pre-hearing memoranda to be served and filed.

Sept. 19 – 23, 2011: Evidentiary hearing to be held at a place in Chicago to be agreed upon by counsel. Hearings shall run from 9:00 AM to 5:00 PM with appropriate breaks.

4/18/11

George C. Pratt
For the Panel

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In the Matter of the Arbitration Between: | ) | |
| | ) | |
| ALLIANCE HEALTHCARE SERVICES, INC. | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. |
| vs. | ) | |
| | ) | |
| ARGONAUT PRIVATE EQUITY, LLC AND | ) | |
| MEDICAL OUTSOURCING SERVICES, INC. | ) | |
| | ) | |
| Respondents. | ) | |

## PETITION TO COMPEL ARBITRATION

Respondent, Argonaut Private Equity, LLC ("Argonaut"), by its undersigned attorneys, hereby requests this Honorable Court to issue a subpoena to a certain third-party witness in aid of arbitration.

### The Parties

1.      Claimant Alliance HealthCare Services, Inc., formerly Alliance Imaging, Inc. ("Alliance") is a Delaware corporation, headquartered in Newport Beach, California, engaged directly or through affiliates in providing healthcare services in multiple regions of the United States.

2.      Respondent Argonaut is an Oklahoma limited liability company headquartered in Tulsa, Oklahoma.

3.      Respondent MOS, Inc. ("MOS") is an Illinois corporation headquartered in Naperville, Illinois.

**The Arbitration Agreement**

4.      Alliance, Argonaut and MOS (collectively, the "Parties") are parties to a Membership Interest Purchase Agreement (the "MPA"), in which Alliance purchased Medical Outsource Services, LLC ("MOS-LLC") from Argonaut and MOS, and which contains a broad arbitration clause stating:

> This Agreement is to be governed in all respects the substantive laws of the State of New York, without regard to its choice of law principles. Subject to the right of any party to seek an injunction or other equitable relief from a court with applicable authority and the right of Indemnified Party described in Section 7.4(b)(v), any controversy, dispute or disagreement arising out of or relating to this Agreement shall be resolved by binding arbitration, which shall be conducted in Orange County, California (except in the case of a dispute relating to the application of Section 6.6 or 6.7 of this Agreement, in which case the arbitration shall take place in Cook County, Illinois) in accordance with the rules of the American Arbitration Association (the "AAA"). Except to the extent that the AAA will not accept the following procedures (in which case the procedures of the AAA for arbitration of commercial matters shall be followed): each party shall select an arbitrator from a list provided by the AAA within ten (10) days after the list is provided; after the two (2) arbitrators are selected, the arbitrators shall meet promptly to resolve the matter; if the arbitrators are unable to resolve the matter within sixty (60) days after the selection of the second arbitrator, then a third arbitrator shall be appointed by the two arbitrators, or if they cannot agree, the third arbitrator shall be selected by the arbitrators from a list provided by the AAA; promptly after the third arbitrator has been selected, the three arbitrators shall resolve the matter; and no arbitrator shall be selected who previously represented any party or its Affiliate in any capacity. A decision by a majority of the arbitrators shall resolve the matter. Any decision rendered by a majority of the arbitrators shall be final and binding on the parties and shall be enforceable in any court having jurisdiction thereof. The arbitrators shall have the authority to require the losing party to pay all costs associated with such arbitration, including expenses and fees of arbitrators. Costs shall include reasonable legal, consulting, and other fees incurred by a party in the course of such arbitration.

**The Arbitration Dispute**

5.      After a dispute arose regarding the MPA, Alliance demanded arbitration on June 21, 2010.  The arbitration panel (the "Panel") was duly constituted as provided in the arbitration clause.  The arbitration is scheduled to take place in Chicago, Illinois, per the Parties' agreement. (See Procedural Order Nos. 1 and 2 attached as Group Exhibit 1.)  The Parties currently are in the "discovery phase" of the arbitration.

**Jurisdiction And Venue**

6.      There are two independent bases for subject matter jurisdiction: (a) federal question jurisdiction, pursuant to 28 U.S.C. § 1331 based on 9 U.S.C. § 203; and (b) diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a).

7.      Venue in this district is proper pursuant to 9 U.S.C. § 4 and 9 U.S.C. § 204 because the arbitration is scheduled to take place in Chicago, Illinois, which is situated in this district.

**Request For Assistance In Aid Of Arbitration**

8.      With this Petition, Argonaut seeks the Court's assistance in aid of arbitration to enforce one of two subpoenas issued by the Panel, commanding third-party Grant Thornton, LLP ("Grant Thornton") to attend a hearing before the American Arbitration Association on May 23, 2011 and produce documents.  (See Subpoena To Attend Hearing And To Produce Documents Requested Under Prior AAA Subpoena attached as Exhibit 2.)  A related subpoena was sought and obtained by MOS providing for Mr. Marc Chiang of Grant Thornton to appear and provide testimony.  (See Subpoena To Attend Hearing And Give Oral Testimony attached as Exhibit 3.)

9.      Grant Thornton was the consultant retained by Alliance to perform financial due diligence in connection with Alliance's acquisition of MOS-LLC.  Grant Thornton's principal place of business is San Francisco, California.  Grant Thornton is Alliance's consultant with

respect to the underlying proceeding, but Alliance has not elected to secure Grant Thornton's cooperation in discovery.

10.     On April 1, 2011, the Panel issued a Subpoena Duces Tecum to Grant Thornton, LLC., at Argonaut's request.  (*See* Subpoena Duces Tecum attached as Exhibit 4.)  No Party to the arbitration objected to the issuance of the Subpoena to Grant Thornton.

11.     Grant Thornton, through its counsel Mr. Thomas Falkenberg, objected to the Subpoena Duces Tecum and refused to produce documents related to its work performed on behalf of Alliance, contending that an arbitration panel does not have the authority to compel a non-party to produce documents.

12.     Counsel for Argonaut has conferred with Mr. Falkenberg on this issue, pointing out that several courts have recognized the Panel's authority to issue document subpoenas or to compel a non-party to attend a hearing to produce documents.  *See Amgen Inc. v. Kidney Center of Delaware County, Ltd.*, 879 F.Supp. 878 (N.D. Ill. 1995), *dismissed on appeal for lack of subj. matter jur.*, 101 F.3d 110 (7th Cir. 1996); *Scandinavian v. Continental, No.*, 04 C 7020, 2005 WL 4440429 (N.D. Ill. June 10, 2005) (discussing the court's previous order in which it granted leave to issue subpoenas in aid of arbitration); *In re Security Life Ins. Co. of America*, 228 F.3d 865, 870-71 (8th Cir. 2000) ("We thus hold that implicit in an arbitration panel's power to subpoena relevant documents for production at a hearing is the power to order the production of relevant documents for review by a party prior to the hearing.");  *Meadows Indemnity Co., Ltd. v. Nutmeg Insurance Co.*, 157 F.R.D. 42, 45 (M.D. Tenn.1994) ("The power of the panel to compel production of documents from third-parties for the purposes of a hearing implicitly authorizes the lesser power to compel such documents for arbitration purposes prior to a hearing.");  *American Federation of Television & Radio Artists v. WJBK-TV*, 164 F.3d 1004 (6th Cir. 1999).

There is a split of authority on this issue in the Northern District of Illinois, upon which Grant Thornton relies. *See, e.g., Matria Healthcare, LLC v. Duthie*, 584 F. Supp. 2d 1078, 1082 (N.D. Ill. 2008); *Ware v. C.D. Peacock, Inc.*, No. 10 C 2587, 2010 WL 1856021, *3 (N.D. Ill. May 7, 2010).

13.    In light of Grant Thornton's refusal to cooperate in discovery under the AAA issued subpoena for documents, Argonaut requested that the Panel issue the Subpoena To Attend Hearing And To Produce Documents to Grant Thornton, pursuant to 9 U.S.C. § 7.[1]

14.    On April 28, 2011, the Panel—through Panel Member Judge George C. Pratt, formerly a judge for the United States District Court for the Eastern District of New York and the Second Circuit Court of Appeals—issued the Subpoena to Attend Hearing and To Produce Documents and a separate Subpoena To Attend Hearing And Give Oral Testimony.  (*See* Apr. 28, 2011 Order attached as Exhibit 5; *see also* Exs. 2-3.)  Both were returnable at a hearing to take place on May 23, 2011 at 10:00 a.m. PDT at the offices of Locke Lord Bissell & Liddell LLP, 44 Montgomery St., # 2400, San Francisco, California  94104-4711.  (*See* Exs. 2-3.)  The location of this special hearing in San Francisco, California was selected only as an accommodation for the witness and does not change the venue of the arbitration which is set to take place in Chicago, Illinois.

15.    Moreover, the Subpoena to Attend Hearing and To Produce Documents requests the assistance of the appropriate court in aid of arbitration to enforce it:  "If Grant Thornton refuses to comply with this Subpoena, *the Panel further requests the intervention of judicial authorities in aid of arbitration to enforce this Subpoena*."  (Ex. 2 (emphasis added).)

---

[1]    Furthermore, in light of Grant Thornton's indication that it would refuse to cooperate in discovery under an AAA issued subpoena to testify at a deposition, MOS requested that the Panel issue the Subpoena To Attend Hearing And Give Oral Testimony to Grant Thornton, pursuant to 9 U.S.C. § 7.

16.     As of the filing of this Petition, Grant Thornton still has not agreed to comply with the Subpoena to Attend Hearing and To Produce Documents.  (*See* May 11, 2011 correspondence between Mr. Falkenberg and counsel for Argonaut attached as Exhibit 6.)

## CONCLUSION

WHEREFORE, Respondent, Argonaut Private Equity, LLC, respectfully requests that, in aid of arbitration, this Honorable Court (a) issue a subpoena for Grant Thornton, LLP to attend a hearing and produce requested documents, and (b) grant such other and further relief as the Court deems just and proper.


DATED: May 16, 2011                     Respectfully submitted,

                                        ARGONAUT PRIVATE EQUITY, LLC

                                        By:   Patrick S. Coffey_____
                                                    One of Its Attorneys

Patrick S. Coffey (# 6188134)
Ashlee M. Knuckey (# 6300237)
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, IL 60606
Direct: (312) 443-1802 (P.S. Coffey)
Fax: (312) 896-6702 (P.S. Coffey)
-and-
Paul DeMuro
OBA #17605 (*pro hac vice to be filed*)
Nora O'Neill
OBA #19901 (*pro hac vice to be filed*)
FREDERIC DORWART, LAWYERS
124 East Fourth Street
Tulsa, Oklahoma  74103
(918) 583-9922 – telephone
(918) 583-8251 – facsimile

*Counsel for Argonaut Private Equity, LLC*

## CERTIFICATE OF SERVICE

I, Patrick S. Coffey, hereby certify that on May 16, 2011, I electronically filed the foregoing "PETITION TO COMPEL ARBITRATION" with the Clerk of the Court using the CM/ECF system, and I caused same to be served upon all interested parties via U.S. Mail by depositing same in the U.S. Mail at 111 South Wacker, Chicago, Illinois, first class postage properly affixed, before the hour of 5:00 p.m. on May 16, 2011, and via electronic mail, addressed as follows:

Christopher J. Blake
Leslie L. Mize
NELSON MULLINS RILEY &
SCARBOROUGH, LLP
4140 Parklake Avenue
GlenLake One, Suite 200
Raleigh, North Carolina 27612
Email: chris.blake@nelsonmullins.com
leslie.mize@nelsonmullins.com

Adrian Mendoza, Esq.
John P. Siemsen, Esq.
LILLIG & THORSNESS, LTD.
1900 Spring Road, Suite 200
Oak Brook, Illinois 60523
Email: amendoza@lilliglaw.com
jsiemsen@lilliglaw.com

Grant Thornton, LLP
c/o Marc Chiang
One California Street, Suite 2300
San Francisco, California 94111

Thomas F. Falkenberg
Williams Montgomery & John Ltd.
233 South Wacker Drive, Suite 6100
Chicago, Illinois 60606

  s/Patrick S. Coffey
Ashlee M. Knuckey

Patrick S. Coffey (# 6188134)
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, IL 60606
Direct: (312) 443-1802
Fax: (312) 896-6702

*Counsel for Argonaut Private Equity, LLC*

Case: 1:11-cv-03275 Document #: 1-1 Filed: 05/16/11 Page 1 of 27 PageID #:8

# GROUP EXHIBIT 1

**AMERICAN ARBITRATION ASSOCIATION**

| | |
|---|---|
| ALLIANCE HEALTHCARE SERVICES, INC. f/k/a  ALLIANCE 1, Claimant, -V- MEDICAL OUTSOURCING SERVICES, INC. and ARGONAUT PRIVATE EQUITY, LLC, Respondents. | AAA# 73 103 Y  00237 10 TNM |

Before :    Robert L. Brent, Esq.
            Lisa D. Taylor, Esq.
            Hon. George C. Pratt
            Arbitrators

**PROCEDURAL ORDER No. 1**

**(SUMMARIZING INITIAL HEARING
 Held on January 11, 2011)**

The initial hearing in this arbitration was held by telephone conference call on January 11, 2011.  Participating were all three arbitrators, counsel for each of the three parties, and a representative of the American Arbitration Association.  The following matters were discussed and, after deliberations by the Panel, determined:

1.  By agreement of counsel, the hearing will be held in Chicago, Illinois, at a place to be determined by further agreement of counsel, and to be reported to the panel and the AAA by January 25, 2011.

2.  No party indicated any need to amend its pleadings, heretofore filed with the AAA and provided to the Panel.

3.  The Accelerated Exchange Program will be used, permitting counsel and the panel to communicate in writing directly, with a copy of any communication being

sent to the other parties and to the AAA Case Manager. No ex parte communications with the Panel are permitted. Communications may be by email. Emailed documents of more than 10 pages shall be followed with a hard copy sent by overnight delivery.

4. Counsel agreed that disputes over discovery and other procedural matters shall be submitted to the Chairman alone for decision, on the understanding that the Chairman may refer any particular dispute to the full panel for disposition.

5. The following schedule is established for this arbitration:

Jan. 25, 2011:  Requests for document production to be served.

Mar. 28, 2011:  Document production to be completed. Objections to requests shall be raised promptly and resolved if possible by a meet and confer process. Unresolved disputes shall be submitted to the Chairman for resolution before Mar. 28.

Apr. 11, 2011:  Parties to designate any proposed expert witnesses, providing a copy of the expert's resume and describing briefly the subject of the expert's proposed testimony.

May 9, 2011:  Fact depositions to be completed. Each party shall be required to submit to one 30(b)(6) deposition. In addition, each party shall be entitled to conduct three depositions.

June 6, 2011:  Expert reports to be served and filed.

June 24, 2011:  Depositions of experts, if requested, to be completed. The deposing party shall pay the expert's fee for its requested deposition.

July 8, 2011: Moving papers on any dispositive or other pre-hearing motions to be served and filed.

July 29, 2011:  Response papers on dispositive and other motions to be served and filed.

Aug. 5, 2011;   Reply papers on dispositive and other motions to be served and filed.   Oral argument on the motions by telephone conference call to be allowed only if requested by a party and approved by the Panel, or if required by the Panel.

Aug. 19, 2011:  Status conference by telephone conference call at 12:00 noon CDT, to be arranged by the Case Manager, to clear up any loose ends.  The call-in information will be:

**Telephone:  888-537-7715**

**Pass code:  30848991#**

Sept. 2, 2011:  Pre-hearing memoranda to be served and filed.

Sept. 19 – 23, 2011:  Evidentiary hearing to be held at a place in Chicago to be agreed upon by counsel.  Hearings shall run from 9:00 AM to 5:00 PM with appropriate breaks.

6.  The parties shall agree on a collection of joint exhibits to be submitted at the hearing.  Joint exhibits shall be designated a J-1, J-2 etc.  Additional exhibits by the parties shall be designated AH-1, AH-2, etc. for Claimant;  M-1, M-2, etc. for Respondent Medical Outsourcing Services, Inc.; and AP-1, AP-2, etc. for Respondent Argonaut Private Equity, LLC.  Exhibits shall be numbered in chronological order.

7.  Binders for submission of documents shall not exceed 2 ½ inches in thickness.

8.  If a court reporter is desired at the hearing, counsel shall agree upon and make the arrangements.

9.  The award shall be a reasoned award.

SO ORDERED.

Uniondale, New York
January 12, 2011                                    George C. Pratt
                                                   For the Panel




George C. Pratt
Farrell Fritz P.C.
1320 RXR Plaza
Uniondale NY 11556-1320
T: 516-227-0604
F: 516-227-0777


Interwoven\1674470.1

**AMERICAN ARBITRATION ASSOCIATION**
**COMMERCIAL DISPUTE RESOLUTION**
**ORANGE COUNTY, CALIFORNIA**

| | | |
|---|---|---|
| **ALLIANCE HEALTHCARE SERVICES, INC.** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| **v.** | ) | **AAA Arbitration No.** |
| | ) | **73-103 Y 00237 10SIM** |
| **ARGONAUT PRIVATE EQUITY, LLC AND** | ) | |
| **MEDICAL OUTSOURCING SERVICES, INC.** | ) | |
| | ) | |
| **Respondents.** | ) | |
| | ) | |

## PROCEDURAL ORDER NO. 2 (SUMMARIZING AMENDED SCHEDULING AGREEMENT OF PARTIES)

The parties to this arbitration, Alliance Healthcare Services, Inc., Argonaut Private Equity, LLC and Medical Outsourcing Services, Inc. (collectively the "Parties") have conferred and agreed upon certain amendments to the initial schedule established for this arbitration in the initial hearing held on January 11, 2011 (See Procedural Order No. 1). The parties have agreed to extend the dates associated with experts by thirty (30) days and the dates associated with fact deposition discovery by sixty (60) days.

The Parties agree that all other dates in the original Scheduling Order shall remain unchanged and that this schedule change and Procedural Order shall not be used to support any future requests by any Party for an extension of the dates previously established for the hearing.

The following schedule is ordered for this arbitration:

<u>May 11, 2011</u>: Parties to designate any proposed expert witnesses, providing a copy of the expert's resume and describing briefly the subject of the expert's proposed testimony.

<u>July 8, 2011</u>: Fact depositions to be completed. Each party shall be required to submit to one 30(b)(6) deposition. In addition, each party shall be entitled to conduct three depositions.

<u>July 6, 2011</u>: Expert reports to be served and filed.

<u>July 8, 2011</u>: Moving papers on any dispositive or other pre-hearing motions to be served and filed.

<u>July 25, 2011</u>: Depositions of experts, if requested, to be completed. The deposing party shall pay the expert's fee for its requested deposition.

<u>July 29, 2011</u>: Response papers on dispositive and other motions to be served and filed.

<u>Aug. 5, 2011</u>: Reply papers on dispositive and other motions to be served and filed. Oral argument on the motions by telephone conference call to be allowed only if requested by a party and approved by the Panel, or if required by the Panel.

<u>Aug. 19, 2011</u>: Status conference by telephone conference call at 12:00 noon CDT, to be arranged by the Case Manager, to clear up any loose ends. The call-in information will be:

      Telephone: 888-537-7715

      Pass code: 30848991#

<u>Sept. 2, 2011</u>: Pre-hearing memoranda to be served and filed.

Sept. 19 – 23, 2011: Evidentiary hearing to be held at a place in Chicago to be agreed upon by counsel. Hearings shall run from 9:00 AM to 5:00 PM with appropriate breaks.

4/18/11

George C. Pratt
For the Panel

# EXHIBIT 2

## AMERICAN ARBITRATION ASSOCIATION

ALLIANCE HEALTHCARE SERVICES, INC.,

Claimant,

vs.

ARGONAUT PRIVATE EQUITY, LLC
and MEDICAL OUTSOURCING
SERVICES, INC.

Respondents.

Case No. 73 103 Y 00237 10

---

## SUBPOENA TO ATTEND HEARING
## AND TO PRODUCE DOCUMENTS REQUESTED UNDER PRIOR AAA SUBPOENA

To:    Grant Thornton, LLP
       c/o Marc Chiang
       One California Street, Suite 2300
       San Francisco, CA 94111

GREETINGS:

Further to 9 U.S.C. § 7, this will serve to command your attendance at a hearing before the
American Arbitration Association in the above referenced matter on the _23rd_ day of May 2011
at 10:00 am at Locke Lord Bissell & Liddell LLP, 44 Montgomery Street, Suite 2400, San
Francisco, California 94104 and produce the documents as described on **Exhibit A** hereto now in
your custody at the offices of Grant Thornton, LLP, One California Street, Suite 2300, San
Francisco, CA 94111.

If Grant Thornton refuses to comply with this Subpoena, the Panel further requests the
intervention of judicial authorities in aid of arbitration to enforce this Subpoena.

_George C. Pratt_                4/28/11
George C. Pratt
Chairman, Arbitration Panel

Subpoena Requested by Argonaut Private Equity, LLC

Nora Rose O'Neill, Esq.
Paul DeMuro, Esq.
FREDERIC DORWART, LAWYERS
124 East Fourth Street
Tulsa, Oklahoma 74103
918.583.9922

Patrick S. Coffey, Esq.
LOCKE LORD BISSELL & LIDDELL, LLP
111 South Wacker Drive, Suite 4500
Chicago, Illinois 60606

Dated: April 27, 2011

<u>EXHIBIT A</u>

The documents being sought by this subpoena are the following:

1. Any and all documents concerning, regarding, or related to review by Grant Thornton, LLP ("Grant Thornton") of Medical Outsourcing Services, LLC ("MOS, LLC") in connection with Alliance Healthcare, Inc.'s ("Alliance") acquisition of MOS, LLC, including but not limited to any information concerning, regarding or related to MOS, LLC and/or MOS, Inc.'s billing for radiopharmaceutical contrast agent fluorodeoxyglucose ("FDG") and the cost of FDG to MOS, LLC and/or MOS, Inc. prior to July 29, 2008.

2. Any and all documents in any way detailing or describing the nature of the work Grant Thornton was engaged to perform in connection with Alliance's acquisition of MOS, LLC, including but not limited any the engagement documents, due diligence lists, task lists, checklists, work plans, project descriptions, information requests or work papers.

3. Any and all documents concerning, regarding, or related to the information on which any Grant Thornton representative, based the advice, reports, findings and/or opinions that were furnished to Alliance or any agent or representative of Alliance related to Alliance's acquisition of MOS, LLC and/or the business practices and/or financial health of MOS, LLC and/or MOS, Inc.

4. All advice, reports, findings and/or opinions furnished by Grant Thornton to Alliance or any agent or representative of Alliance concerning, regarding, or related to Alliance's acquisition of MOS, LLC and/or the business practices and/or financial health of MOS, LLC and/or MOS, Inc.

5. Any and all documents provided to Grant Thornton by MOS, LLC or any agent or representative of MOS, LLC concerning, regarding, or related to the business practices and/or financial health of MOS, LLC and/or MOS, Inc., including but not limited to, for example, financial statements, tax returns, balance sheets, income statements, profit and loss statements

6. Any and all documents provided to any representative of Grant Thornton by Susan Pankow or any other representative of A-Med Billing, Inc. ("A-Med") concerning, regarding or related to the business practices and/or financial health of MOS, LLC and/or MOS, Inc., including but not limited to, for example, any reports related to MOS, LLC and/or MOS, Inc.'s billing practices and procedures.

7. Any and all documents provided to Grant Thornton by any source concerning, regarding or related to the business practices and/or financial health of MOS, LLC and/or MOS, Inc.

8.  Any and all documents reflecting or evidencing communications and correspondence, including emails, between any representative of Grant Thornton, and any representative of MOS, LLC, Alliance and/or A-Med concerning, regarding or related to the business practices and/or financial health of MOS, LLC and/or MOS, Inc.

9.  Any and all documents reflecting or evidencing communications and correspondence, including emails, among Grant Thornton representatives concerning, regarding or related to the business practices and/or financial health of MOS, LLC and/or MOS, Inc.

# EXHIBIT 3

## AMERICAN ARBITRATION ASSOCIATION

ALLIANCE HEALTHCARE SERVICES, INC.,

Claimant,

vs.

ARGONAUT PRIVATE EQUITY, LLC
and MEDICAL OUTSOURCING
SERVICES, INC.

Respondents.

Case No. 73 103 Y 00237 10

### SUBPOENA TO ATTEND HEARING
### AND GIVE ORAL TESTIMONY

To:    Grant Thornton, LLP
       175 W. Jackson Blvd., 20th Floor
       Chicago, IL 60604

       Marc Chiang
       Grant Thornton, LLP
       One California Street, Suite 2300
       San Francisco, CA 94111

GREETINGS:

Further to 9 U.S.C. § 7, this will serve to command the attendance of Marc Chiang of Grant Thornton, LLP at a hearing before the American Arbitration Association in the above referenced matter on the 23rd day of May 2011 at 10:00 at Locke Lord Bissell & Liddell LLP, 44 Montgomery Street, Suite 2400, San Francisco, California 94104 and to give oral testimony on the subjects described on **Exhibit A** hereto.

If Marc Chiang or Grant Thornton, LLP refuses to comply with this Subpoena, the Panel further requests the intervention of judicial authorities in aid of arbitration to enforce this Subpoena.

George C. Pratt
Chairman, Arbitration Panel

4/28/11

## EXHIBIT A

1. The review by Grant Thornton, LLP ("Grant Thornton") of Medical Outsourcing Services, LLC ("MOS, LLC") in connection with Alliance Healthcare, Inc.'s ("Alliance") acquisition of MOS, LLC, including but not limited to MOS, LLC and/or MOS, Inc.'s billing for radiopharmaceutical contrast agent fluorodeoxyglucose ("FDG") and the cost of FDG to MOS, LLC and/or MOS, Inc. prior to July 29, 2008.

2. The nature of the work Grant Thornton was engaged to perform in connection with Alliance's acquisition of MOS, LLC.

3. The information on which any Grant Thornton representative, based the advice, reports, findings and/or opinions that were furnished to Alliance or any agent or representative of Alliance related to Alliance's acquisition of MOS, LLC and/or the business practices and/or financial health of MOS, LLC and/or MOS, Inc.

4. The advice, reports, findings and/or opinions furnished by Grant Thornton to Alliance or any agent or representative of Alliance concerning, regarding, or related to Alliance's acquisition of MOS, LLC and/or the business practices and/or financial health of MOS, LLC and/or MOS, Inc.

5. The business practices and/or financial health of MOS, LLC and/or MOS, Inc.

# EXHIBIT 4

AMERICAN ARBITRATION ASSOCIATION

Case No. 73 103 Y 00237 10

|  |  |
|---|---|
| ALLIANCE HEALTHCARE SERVICES, INC., <br><br> Claimant, <br><br> vs. <br><br> ARGONAUT PRIVATE EQUITY, LLC and MEDICAL OUTSOURCING SERVICES, INC. <br><br> Respondents. |  |

## **SUBPOENA DUCES TECUM**

To:     Grant Thornton, LLP
        c/o Marc Chiang
        One California Street, Suite 2300
        San Francisco, CA 94111

GREETINGS:

I COMMAND YOU, that, all business and excuses being laid aside, you produce certain documents as described on **Exhibit A** hereto now in your custody at the offices of Grant Thornton, LLP, One California Street, Suite 2300, San Francisco, CA 94111 on the 11th day of April, 2011, at 10:00 a.m. PST.

_____
George C. Pratt
Chairman, Arbitration Panel                    4/1/11

Requested by Argonaut Private Equity, LLC

Nora Rose O'Neill, Esq.
Paul DeMuro, Esq.
FREDERIC DORWART, LAWYERS
124 East Fourth Street
Tulsa, Oklahoma 74103
918.583.9922

Patrick S. Coffey, Esq.

LOCKE LORD BISSELL & LIDDELL, LLP
111 South Wacker Drive, Suite 4500
Chicago, Illinois 60606

Dated: March 31, 2011

EXHIBIT A

The documents being sought by this subpoena are the following:

1. Any and all documents concerning, regarding, or related to review by Grant Thornton, LLP ("Grant Thornton") of Medical Outsourcing Services, LLC ("MOS, LLC") in connection with Alliance Healthcare, Inc.'s ("Alliance") acquisition of MOS, LLC, including but not limited to any information concerning, regarding or related to MOS, LLC and/or MOS, Inc.'s billing for radiopharmaceutical contrast agent fluorodeoxyglucose ("FDG") and the cost of FDG to MOS, LLC and/or MOS, Inc. prior to July 29, 2008.

2. Any and all documents in any way detailing or describing the nature of the work Grant Thornton was engaged to perform in connection with Alliance's acquisition of MOS, LLC, including but not limited any the engagement documents, due diligence lists, task lists, checklists, work plans, project descriptions, information requests or work papers.

3. Any and all documents concerning, regarding, or related to the information on which any Grant Thornton representative, based the advice, reports, findings and/or opinions that were furnished to Alliance or any agent or representative of Alliance related to Alliance's acquisition of MOS, LLC and/or the business practices and/or financial health of MOS, LLC and/or MOS, Inc.

4. All advice, reports, findings and/or opinions furnished by Grant Thornton to Alliance or any agent or representative of Alliance concerning, regarding, or related to Alliance's acquisition of MOS, LLC and/or the business practices and/or financial health of MOS, LLC and/or MOS, Inc.

5. Any and all documents provided to Grant Thornton by MOS, LLC or any agent or representative of MOS, LLC concerning, regarding, or related to the business practices and/or financial health of MOS, LLC and/or MOS, Inc., including but not limited to, for example, financial statements, tax returns, balance sheets, income statements, profit and loss statements

6. Any and all documents provided to any representative of Grant Thornton by Susan Pankow or any other representative of A-Med Billing, Inc. ("A-Med") concerning, regarding or related to the business practices and/or financial health of MOS, LLC and/or MOS, Inc., including but not limited to, for example, any reports related to MOS, LLC and/or MOS, Inc.'s billing practices and procedures.

7. Any and all documents provided to Grant Thornton by any source concerning, regarding or related to the business practices and/or financial health of MOS, LLC and/or MOS, Inc.

8. Any and all documents reflecting or evidencing communications and correspondence, including emails, between any representative of Grant Thornton, and any representative

3

of MOS, LLC, Alliance and/or A-Med concerning, regarding or related to the business practices and/or financial health of MOS, LLC and/or MOS, Inc.

9. Any and all documents reflecting or evidencing communications and correspondence, including emails, among Grant Thornton representatives concerning, regarding or related to the business practices and/or financial health of MOS, LLC and/or MOS, Inc.

# EXHIBIT 5

Case: 1:11-cv-03275 Document #: 6-1 Filed: 05/18/11 Page 39 of 43 PageID #:33

Case: 1:11-cv-03275 Document #: 1-1 Filed: 05/16/11 Page 23 of 27 PageID #:30

## Knuckey, Ashlee

| | |
|---|---|
| **From:** | Pratt, George C. [GPratt@FarrellFritz.com] |
| **Sent:** | Thursday, April 28, 2011 1:41 PM |
| **To:** | John Siemsen; Adrian Mendoza; Chris Blake; Coffey, Patrick S.; Knuckey, Ashlee; O'Neill, Nora; Wilson, Chantel; leslie.mize@nelsonmullins.com; DeMuro, Paul |
| **Cc:** | rlbmail@ucla.edu; ltaylor@iandplaw.com; TerriMartinez@adr.org |
| **Subject:** | RE: Alliance v. MOS (AAA # 73 103 Y 00237 10) |

Dear Counsel:

The Panel has considered the requests of John Siemsen and Paul DeMuro for subpoenas (ad testificandum and duces tecum, respectively) as presented by their emails of April 27, 2011. We have also considered the arguments advanced opposing issuance of the subpoenas.

The Panel has determined to issue the subpoenas, and to make them returnable at a hearing to be begin at the offices of Locke Lord Bissell & Liddell LLP in San Francisco CA on May 23, 2011 at 10:00 AM PDT. Arbitrator Brent will preside over the hearing on behalf of the Panel.

Counsel are directed to confer and agree over arrangements for the hearing, and any disputes or changes or adjournments are to be submitted to Arbitrator Brent for his decision.

Signed copies of the subpoenas will be FedExed to the requesting counsel this afternoon.

SO ORDERED.

April 28, 2011                              George C. Pratt
                                                      Chairman, for the Panel


George C. Pratt
Farrell Fritz P.C.
1320 RXR Plaza
Uniondale NY 11556-1320
T: 516-227-0604
F: 516-227-0777

# EXHIBIT 6

| From: | Falkenberg, Thomas |
|---|---|
| To: | DeMuro, Paul; "John Siemsen" |
| Cc: | Coffey, Patrick S.; O'Neill, Nora; "Chris Blake" |
| Subject: | RE: Alliance v. MOS -- Grant Thornton Subpoena |
| Date: | Wednesday, May 11, 2011 2:43:38 PM |

I understand your position.  I will contact you as soon as I can if a decision is made to comply in spite of the objections.


Tom


_____

**Thomas F. Falkenberg**

WILLIAMS MONTGOMERY & JOHN LTD

A FIRM OF TRIAL LAWYERS

Phone | 312.443.3240 Fax | 312.630.8540
233 South Wacker Drive, Suite 6100
Chicago, Illinois 60606
tff@willmont.com | www.willmont.com | Bio | VCard


**Confidentiality Statement.**  The information contained in this electronic mail communication is intended only for the personal and confidential use of the designated recipient named above.  This message may be an attorney-client communication, and as such is privileged and confidential.  If the reader of this message is not the intended recipient, you are hereby notified that you have received this communication in error, and that any review, dissemination, distribution, or copying of the message is strictly prohibited.  If you have received this transmission in error, please notify us immediately by telephone at 312.443.3200 and/or by reply e-mail.

**From:** DeMuro, Paul [mailto:PDEMURO@fdlaw.com]
**Sent:** Wednesday, May 11, 2011 2:39 PM
**To:** Falkenberg, Thomas; 'John Siemsen'
**Cc:** Coffey, Patrick S.; O'Neill, Nora; 'Chris Blake'
**Subject:** RE: Alliance v. MOS -- Grant Thornton Subpoena

Thomas:

I understand, based on our phone call a few minutes ago, that there might be some hope that GT would be willing to honor the subpoenas, notwithstanding the objections you set out below.  As we discussed,  the parties to the arbitration are working under time constraints in preparing for the merits hearing in early September.  As such, we can't afford to wait much longer to file an enforcement action.  Thus, if GT does not commit to honoring the subpoenas by the COB this Friday, May 13, 2011, we will proceed with a judicial enforcement action.

If you would like to discuss this further, please give me a call.

Sincerely,

Paul DeMuro
Frederic Dorwart, Lawyers
124 E. 4th Street
Tulsa, Oklahoma  74103
918-583-9957 (office)

918-605-8382 (mobile)
918-583-8251 (fax)
pdemuro@fdlaw.com

---

**From:** Falkenberg, Thomas [mailto:TFF@willmont.com]
**Sent:** Wednesday, May 11, 2011 2:23 PM
**To:** DeMuro, Paul; 'John Siemsen'
**Cc:** Coffey, Patrick S.; O'Neill, Nora; 'Chris Blake'
**Subject:** RE: Alliance v. MOS -- Grant Thornton Subpoena

Paul,

I spoke with John about this yesterday and advised him that we are not available on May 23 because of conflicts.  I did not want anyone making any travel plans, as irrespective of objections, the date does not work.

Grant Thornton objections to the subpoenas on the following grounds:

Grant Thornton is not bound by arbitration subpoenas where they are not a party to the arbitration.  The Federal Arbitration Act and cases interpreting it do not allow for third party discovery.  Additionally, the panel lacks authority to issue a subpoena out of any district court other than the district in which the arbitration is actually proceeding, which is the N. Dist. of IL.  Additional detail as to these objections has been previously provided in my prior communications in response to the earlier subpoena, and are incorporated herein by reference.

Please let me know if you have any questions.

Tom

---

**Thomas F. Falkenberg**

WILLIAMS MONTGOMERY & JOHN LTD
A FIRM OF TRIAL LAWYERS

Phone | 312.443.3240 Fax | 312.630.8540
233 South Wacker Drive, Suite 6100
Chicago, Illinois 60606
tff@willmont.com | www.willmont.com | Bio | VCard

**Confidentiality Statement.** The information contained in this electronic mail communication is intended only for the personal and confidential use of the designated recipient named above.  This message may be an attorney-client communication, and as such is privileged and confidential.  If the reader of this message is not the intended recipient, you are hereby notified that you have received this communication in error, and that any review, dissemination, distribution, or copying of the message is strictly prohibited.  If you have received this transmission in error, please notify us immediately by telephone at 312.443.3200 and/or by reply e-mail.

---

**From:** DeMuro, Paul [mailto:PDEMURO@fdlaw.com]
**Sent:** Wednesday, May 11, 2011 7:51 AM
**To:** Falkenberg, Thomas
**Cc:** DeMuro, Paul; Coffey, Patrick S.; O'Neill, Nora; DeMuro, Paul
**Subject:** Alliance v. MOS -- Grant Thornton Subpoena

Tom:

I have heard nothing from you regarding whether GT intends to honor the subpoenas that direct GT to produce a representative on May 23rd.   The Arbitration Panel has asked us to confirm whether Grant Thornton plans to honor the subpoenas so that the Panel, and the parties, can make the necessary travel and logistical arrangements.

Please let me know by the close of business today.

Regards,

Paul DeMuro
Frederic Dorwart, Lawyers
124 E. 4th Street
Tulsa, Oklahoma  74103
918-583-9957 (office)
918-605-8382 (mobile)
918-583-8251 (fax)
pdemuro@fdlaw.com

_____
Confidentiality Statement. The information contained in this electronic mail communication is intended only for the personal and confidential use of the designated recipient named above. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this communication in error, and that any review, dissemination, distribution, or copying of the message is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone at 312.443.3200 and/or by reply e-mail.

_____

Confidentiality Statement. The information contained in this electronic mail communication is intended only for the personal and confidential use of the designated recipient named above. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this communication in error, and that any review, dissemination, distribution, or copying of the message is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone at 312.443.3200 and/or by reply e-mail.