UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In the Matter of the Arbitration Between:

ALLIANCE HEALTHCARE SERVICES, INC.    )
                                       )
                  Petitioner,          )
                                       )
v.                                     )   Case No. 11-cv-03275
                                       )
ARGONAUT PRIVATE EQUITY, LLC and       )
MEDICAL OUTSOURCING SERVICES, INC.     )
                                       )
                  Respondents.         )

## MOTION FOR LEAVE TO ISSUE SUBPOENA IN AID OF ARBITRATION

Respondent, Medical Outsourcing Services, Inc. ("MOS"), by its undersigned attorneys, hereby petitions this Honorable Court for entry of an order that a certain arbitration subpoena issued to a third-party witness is valid and enforceable, and for leave to issue, under this case name and number, a subpoena to the third-party witness under Fed.R.Civ.P. 45(a)(3)(B).

### The Parties

1.   Claimant Alliance HealthCare Services, Inc., formerly Alliance Imaging, Inc. ("Alliance") is a Delaware corporation, headquartered in Newport Beach, California, engaged directly or through affiliates in providing healthcare services in multiple regions of the United States.

2.   Respondent MOS is an Illinois corporation headquartered in Naperville, Illinois.

3.   Respondent Argonaut Private Equity, LLC ("Argonaut") is an Oklahoma limited liability company headquartered in Tulsa, Oklahoma.

**The Arbitration Agreement**

4.    Alliance, MOS and Argonaut (collectively, the "Parties") are parties to a Membership Interest Purchase Agreement (the "MPA"), in which Alliance purchased Medical Outsource Services, LLC ("MOS-LLC") from Argonaut and MOS, and which contains a broad arbitration clause stating:

> This Agreement is to be governed in all respects the substantive laws of the State of New York, without regard to its choice of law principles. Subject to the right of any party to seek an injunction or other equitable relief from a court with applicable authority and the right of Indemnified Party described in Section 7.4(b)(v), any controversy, dispute or disagreement arising out of or relating to this Agreement shall be resolved by binding arbitration, which shall be conducted in Orange County, California (except in the case of a dispute relating to the application of Section 6.6 or 6.7 of this Agreement, in which case the arbitration shall take place in Cook County, Illinois) in accordance with the rules of the American Arbitration Association (the "AAA"). Except to the extent that the AAA will not accept the following procedures (in which case the procedures of the AAA for arbitration of commercial matters shall be followed): each party shall select an arbitrator from a list provided by the AAA within ten (10) days after the list is provided; and the two (2) arbitrators are selected, the arbitrators shall meet promptly to resolve the matter; if the arbitrators are unable to resolve the matter within sixty (60) days after the selection of the second arbitrator, then a third arbitrator shall be appointed by the two arbitrators, or if they cannot agree, the third arbitrator shall be selected by the arbitrators from a list provided by the AAA; promptly after the third arbitrator has been selected, the three arbitrators shall resolve the matter; and no arbitrator shall be selected who previously represented any part or its Affiliate in any capacity. A decision by a majority of the arbitrators shall resolve the matter. Any decision rendered by a majority of the arbitrators shall be final and binding on the parties and shall be enforceable in any court having jurisdiction thereof. The arbitrators shall have the authority to require the losing party to pay all costs associated with such arbitration, including expenses and fees of arbitrators. Costs shall include reasonable legal, consulting, and other fees incurred by a party in the course of such arbitration.

## The Arbitration Dispute

5. After a dispute arose regarding the MPA, Alliance demanded arbitration on June 21, 2010. The arbitration panel (the "Panel") was duly constituted as provided in the arbitration clause. The arbitration is scheduled to take place in Chicago, Illinois, per the Parties' agreement. (See Procedural Order Nos. 1 and 2 attached as Exhibit 1.) The Parties currently are in the "discovery phase" of the arbitration.

## Request For Assistance in Aid Of Arbitration

6. With this Petition, MOS seeks the Court's assistance in aid of arbitration to enforce one of two subpoenas issued by the Panel, commanding third-party Marc Chiang, a representative of Grant Thornton, LLP ("Grant Thornton"), to attend a hearing before the American Arbitration Association on May 23, 2011 and give oral testimony. (See Subpoena to Attend Hearing And to Give Oral Testimony attached as Exhibit 2.) A related subpoena was sought and obtained by Argonaut providing for Grant Thornton to appear and produce documents. (*See* Subpoena To Attend Hearing And Produce Documents attached as Exhibit 3.)

7. Grant Thornton was a consultant retained by Alliance to perform financial due diligence in connection with Alliance's acquisition of MOS-LLC. The due diligence conducted by Alliance is a key issue in the underlying proceeding but Alliance has not secured Grant Thornton's cooperation in discover. Grant Thornton's principal place of business is Chicago, Illinois. Marc Chiang, Director, Transaction Advisory Services, for Grant Thornton, oversaw Grant Thornton's due diligence activities. He resides in the San Francisco Bay area of California and works out of Grant Thornton's San Francisco office. So me of Grant Thornton's due diligence activities were performed in Naperville, Illinois.

8.      On April 28, 2011, the Panel, through Panel Member Judge George C. Pratt, formerly a judge for the United States District Court for the Eastern District of New York and the Second Circuit Court of Appeals, issued the Subpoena to Attend Hearing and Give Oral Testimony and a separate Subpoena to Attend Hearing and Produce Documents. (*See* Apr. 28, 2011 Order attached as Exhibit 4; *see also* Exs. 2-3.) Both were returnable at a hearing to take place on May 23, 2011 at 10:00 a.m. PDT at the offices of Locke Lord Bissell & Liddell LLP, 44 Montgomery St., #2400, San Francisco, California 94104-4711. (*See* Exs. 2-3.) The location of this special hearing in San Francisco, California was selected only as an accommodation for the witness and does not change the venue of the arbitration which is set to take place in Chicago, Illinois.

9.      Moreover, the Subpoena to Attend Hearing and to Give Oral Testimony requests the assistance of the appropriate court in aid of arbitration to enforce it: "If Grant Thornton refuses to comply with this Subpoena, *the Panel further requests the intervention of judicial authorities in aid of arbitration to enforce this Subpoena.*" (Ex. 2 (emphasis added).)

10.     Counsel for MOS has conferred with counsel for Grant Thornton, Mr. Thomas Falkenberg, regarding the Subpoena to Attend Hearing and to Give Oral Testimony. Mr. Falkenberg objected to the Subpoena, contending that it is not enforceable.

11.     As of the filing of this Petition, Grant Thornton and Mr. Chiang still have not agreed to comply with the Subpoena to Attend Hearing and to Give Oral Testimony.

12.     Argonaut has established, by its Petition to Compel Arbitration filed on May 16, 2011, and its Motion for Leave to Issue Subpoena in Aid of Arbitration filed on May 18, 2011, that the Subpoena to Attend Hearing and to Produce Documents is valid and enforceable.

13. An arbitrator's subpoena for deposition has also been held to be valid and enforceable. *See Amgen Inc. v. Kidney Center of Delaware County, Ltd.*, 870 F. Supp. 878, 883 (N.D. Ill. 1995), *dismissed on appeal for lack of subject matter jurisdiction*; 101 F. 3d 110 (7th Cir. 1996); *but see Matria Healthcare, LLC v. Duthie*, 584 F. Supp. 2d 1078, 1080 (N.D. Ill. 2008) (non-party cannot be compelled to participate in arbitration discovery).

14. As a result, MOS requests this Court to enforce the Subpoena to Attend Hearing and to Give Oral Testimony issued by the Panel and grant counsel for MOS leave to issue a subpoena to Marc Chiang of Grant Thornton to attend a hearing and provide oral testimony pursuant to Federal Rule of Civil Procedure 45(a)(3)(B). If the witness does not comply with the subpoena, MOS may request additional relief from this Court pursuant to 9 U.S.C. § 7.

## CONCLUSION

WHEREFORE, Respondent, Medical Outsourcing Services, Inc., respectfully requests that, in aid of arbitration, this Honorable Court (a) issue an order that the Subpoena to Attend Hearing and to Give Oral Testimony is valid and enforceable; (b) grant leave to counsel for Medical Outsourcing Services, Inc. to issue, under this case name and number, a subpoena for Marc Chiang to give oral testimony under Fed.R.Civ.P. 45(a)(3)(B), and (c) grant such other and further relief as the Court deems just and proper.

DATED: May 20, 2011

                                        Respectfully submitted,
                                        MEDICAL OUTSOURCING SERVICES, INC.

                                        By:   /s Adrian Mendoza
                                                 One of Its Attorneys

Adrian Mendoza, Esq.
Illinois Bar No: 6225634
John P. Siemsen, Esq.
Illinois Bar No: 6270609
LILLIG & THORSNESS, LTD.
1900 Spring Road, Suite 200
Oak Brook, IL 60523
(630) 571-1900 telephone
(630) 57-1042 facsimile
Email: amendoza@lilliglaw.com
jsiemsen@lilliglaw.com

*Counsel for Medical Outsourcing Services, Inc.*

6

## CERTIFICATE OF SERVICE

I, Adrian Mendoza, attorney, certifies that he caused Respondent, Medical Outsourcing Services, Inc.'s **Motion for Leave to Issue Subpoena in Aid of Arbitration** to be served upon:

| | |
|---|---|
| Thomas F. Falkanberg<br>Williams Montgomery & John, Ltd.<br>233 South Wacker Drive<br>Suite 6100<br>Chicago, IL 60606<br>E-Mail: tff@willmont.com | Joseph S. Dowdy, Esq.<br>Christopher J. Blake, Esq.<br>Nelson Mullins Riley & Scarborough LLP<br>GlenLake One, Suite 200<br>4140 Parklake Avenue<br>Raleigh, NC 27612<br>E-Mail: chris.blake@nelsonmullins.com |
| Nora R. O'Neill, Esq.<br>Paul DeMuro, Esq.<br>Frederic Dorwart Lawyers<br>124 E. 4th Street<br>Old City Hall<br>Tulsa, OK 74103-5010<br>E-Mail: pdemuro@fdlaw.com<br>noneil@fdlaw.com | Patrick S. Coffey, Esq.<br>Locke Lord Bissell & Liddell LLP<br>111 S. Wacker Drive<br>Chicago, IL 60606<br>E-Mail: pcoffey@lockelord.com |

via email and by depositing the same in the U.S. Mail located at 1900 Spring Road, Suite 200, Oak Brook, Illinois, 60523, with correct postage prepaid before 5:00 p.m. on this 20th day of May, 2011.

s/ Adrian Mendoza
Adrian Mendoza

L:MedOuts-Plead-USDCPlead-PettoCompelArbitration.doc