UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In the Matter of the Arbitration Between: | ) | |
| | ) | |
| ALLIANCE HEALTHCARE SERVICES, INC. | ) | |
| | ) | Case No. 11-CV-03275 |
| Petitioner, | ) | |
| | ) | Judge Kennelly |
| v. | ) | |
| | ) | |
| ARGONAUT PRIVATE EQUITY, LLC and | ) | |
| MEDICAL OUTSOURCING SERVICES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## RESPONSE OF THIRD-PARTY GRANT THORNTON, LLP TO MOTIONS FOR LEAVE TO ISSUE SUBPOENA IN AID OF ARBITRATION

Third-Party Witness, Grant Thornton, LLP ("Grant Thornton"), by and through its counsel, Williams Montgomery & John Ltd., presents its Response to Argonaut Private Equity, LLC's ("Argonaut") and Medical Outsourcing Services' ("MOS") Motions for Leave to Issue Subpoena In Aid of Arbitration[1] and in support thereof states as follows:

### BACKGROUND

The parties to this litigation are parties to a Membership Interest Purchase Agreement ("MPA") whereby Petitioner Alliance Healthcare Services, Inc. purchased Medical Outsource Services, LLC from Respondents Argonaut Private Equity, LLC ("Argonaut") and Medical Outsourcing Services, Inc. ("MOS").[2] The MPA contains an arbitration clause requiring any

---

[1] Both Argonaut and MOS have filed separate Motions requesting discovery from Grant Thornton. Because the issues in the Motions are identical, Grant Thornton responds to both Motions in this Response.

[2] This Response presents the objections of third party Grant Thornton only. Petitioner Alliance does not join in Grant Thornton's Response.

1

dispute or disagreement regarding the MPA to be resolved by arbitration in accordance with the rules of the American Arbitration Association. (Mot. at 2.)

After a dispute arose regarding the MPA, Alliance demanded arbitration on June 21, 2010. (*Id.* at 2.) The arbitration panel was constituted and the arbitration is scheduled to take place in Chicago, Illinois per the parties' agreement and the parties are currently in the discovery phase of the arbitration. (*Id.* at 2.)

Grant Thornton is an accounting firm that served as a consultant to Alliance with respect to the due diligence involved in the purchase governed by the MPA.[3] Grant Thornton is a third-party with respect to the arbitration at issue, given that it was not a party to the MPA. The Respondents Argonaut and MOS seek discovery in the form of pre-hearing testimony and documents from third-party Grant Thornton. Specifically, Respondents requested that Mr. Mark Chiang of Grant Thornton appear for a pre-hearing deposition in San Francisco, California and produce documents on the same date.

As part of the discovery that Respondents were conducting, they issued two subpoenas to Grant Thornton, for records and for a deposition. Grant Thornton objected to those subpoenas, and clearly explained to Respondents that pre-hearing discovery was not allowed of third parties. In a blatant attempt to circumvent this prohibition, Respondents asked the arbitrators to convene a "hearing" in San Francisco under the guise that the Respondents were not seeking pre-hearing discovery but were actually conducting part of the hearing itself at this time, which was false. In fact, only one of the three arbitrators was even going to attend the proceedings in San Francisco. Attached as Exhibit 1 is an email string outlining this strategy.

---

[3] Argonaut suggests in its Motion that Grant Thornton was a consultant to Alliance "with respect to the underlying proceeding" (Argonaut Mot. at ¶ 2), but that is incorrect. Grant Thornton was a consultant to Alliance only with respect to the due diligence involved in the purchase governed by the MPA.

Per the Respondents' request, on April 28, 2011 the arbitration panel issued a Subpoena to Attend Hearing and To Produce Documents and a separate Subpoena To Attend Hearing and Give Oral Testimony ("Subpoenas"). (*See* Exs. 2-3 to Argonaut Mot.) These Subpoenas purported to command Marc Chiang of Grant Thornton to appear in San Francisco, California on May 23, 2011 for a deposition and to produce nine different categories of documents. (*Id.*) The Respondents now ask the Court to enforce these Subpoenas against Grant Thornton.

As set forth below, Grant Thornton vigorously objects to the enforcement of the Subpoenas because it is a third party to the arbitration at issue and, therefore, the parties to the arbitration have no right to pre-hearing discovery from Grant Thornton by way of deposition testimony or document production. In addition, this Court does not have the power to enforce the Subpoenas.

## **ARGUMENT**

### I. THE ARBITRATION ACT DOES NOT ALLOW FOR PRE-HEARING DISCOVERY DIRECTED TO A THIRD PARTY TO AN ARBITRATION.

The Respondents' Motions should be denied because the plain language of the Federal Arbitration Act ("FAA") does not allow an arbitrator to compel a third-party to participate in pre-hearing discovery without the third-party's consent. An arbitrator's authority over parties that are not contractually bound to arbitrate, such as Grant Thornton here, is strictly limited to that granted by the FAA. *Matria Healthcare, LLC*, 584 F. Supp. 2d 1078, 1079 (N.D. Ill. 2008). Under the applicable provision of the FAA, Section 7:

> The arbitrators selected either as prescribed in this title [9 U.S.C. §§ 1 *et seq.*] or otherwise, or a majority of them, may summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document or paper which may be deemed material as evidence in the case . . . [.]

9 U.S.C. § 7. Accordingly, the FAA only allows a subpoena to be issued to compel a third party to attend a hearing or bring records to the hearing itself, not for subpoenas to be issued for pre-hearing discovery.

In the past three years, the Northern District of Illinois has twice ruled that the plain language of Section 7 of the FAA means that non-parties to arbitration could not be compelled to participate in discovery without their consent. *See Matria Healthcare, LLC*, 584 F. Supp. 2d at 1083; *Ware v. C.D. Peacock, Inc.*, No. 10 C 2587, 2010 WL 1856021, *4 (N.D. Ill. May 7, 2010). In so holding, the court relied in substantial part on the Third Circuit's well-reasoned opinion, written by current Supreme Court Justice Alito, in *Hay Group, Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404 (3d Cir. 2004).

In *Hay Group*, an accounting firm that was not a party to an arbitration, sought to avoid compliance with an arbitration panel subpoena requiring them to turn over documents prior to the panel's hearing. The district court entered a ruling enforcing the subpoena. However, the Third Circuit Court of Appeals reversed. In so reversing, the court found that Section 7 of the FAA provides that a non-party witness may be compelled to bring documents to an arbitration hearing but may not simply be subpoenaed to produce documents, or to attend a deposition prior to the hearing. The court held that:

> the only power confirmed on arbitrators with respect to the production of documents by a non-party is the power to summon a non-party to attend before them or any of them as a witness and in a proper case bring with him or them any book, record, document or paper which may be deemed material as evidence in the case."
> *Id.* at 407. The power to require a non-party 'to bring' items 'with him' clearly applies only to situations in which the non-party accompanies items to the arbitration proceeding, not to situations in which the items are simply sent or brought by a courier . . . Thus, Section 7's language unambiguously restricts an arbitrator's subpoena power to situations in which the non-party has been

> called to appear in the physical presence of the arbitrator and to hand over the documents at that time.

360 F.3d at 407.

In ensuring that its construction of Section 7 did not render an "absurd" result, the Third Circuit went on to consider the policy implications of its ruling. Specifically, the court found that the language of Section 7 furthers arbitration's goal of "resolving disputes in a timely and cost efficient manner" and that, consistent with such principle, authority of arbitrators with respect to non-parties who have never agreed to be involved in arbitration is "extremely limited." *Id.* at 409. As the Fourth Circuit put it in similarly holding:

> The rationale for constraining an arbitrator's subpoena power is clear. Parties to a private arbitration agreement forego certain procedural rights attendant to formal litigation in return for more efficient and cost-effective resolution of their dispute. A hallmark of arbitration, and a necessary precursor to its efficient operation, is a limited discovery process.

*COMSTAT Corp. v. National Science Foundation*, 190 F.3d 269, 276 (4th Cir. 1999).

Further, as the Northern District of Illinois in *Matria Healthcare* noted, "[t]hat Congress had in mind in § 7 testimony by a witness at the arbitration and not at a deposition is apparent not only from the plain language of § 7 but from the historical background against which it was enacted." 584 F.Supp.2d at 1080. Specifically, the court noted that, at the time of the enactment of § 7 of the FAA, parties in actions at law were not entitled to pre-trial discovery. Thus, "Congress could not have intended when it enacted § 7 of the FAA in 1925 to have authorized arbitrators and district courts to require prehearing production in arbitrations when such production was not authorized . . . in actions at law." *Id.* at 1081.

In sum, as the foregoing cases and their analyses demonstrate, the plain language of § 7 of the FAA, the policy considerations, and the historical background of the enactment of § 7 all

5

dictate that the FAA does not allow an arbitrator to compel a third-party to participate in pre-hearing discovery without the third-party's consent.[4]

Here, Grant Thornton is indisputably a third party to the arbitration agreement between the Petitioner and Respondent. As such, Grant Thornton cannot be compelled to participate in any pre-hearing discovery by the arbitrator. Indeed, the parties to the MPA agreed to resolve their differences by way of the more cost-effective route of arbitration and thereby implicitly limited their rights to the normal discovery privileges provided for by the Federal Rules of Civil Procedure or any state law counterpart.

The Respondents cannot get around this fact by convening a "hearing" in San Francisco, California before one of the arbitrators in advance of the actual merits hearing that will eventually take place in Chicago, Illinois. This "hearing" is nothing more than a sham proceeding to evade the clear mandate of § 7 with respect to pre-hearing discovery. If the Court were to order that all parties had to do to avoid the clear mandate of § 7 as to pre-hearing discovery was to convene a special pre-hearing hearing, it would render § 7 and its limitations meaningless.

For all of the foregoing reasons, third-party Grant Thornton cannot be compelled to participate in pre-hearing discovery in the parties' arbitration and the Respondents' Motions should be denied.

---

[4] As the Respondents note, the Northern District of Illinois in *Amgen Inc. v. Kidney Center of Delaware County, Ltd.*, 879 F. Supp. 878 (N.D. Ill. 1995) held that implicit in the power to compel testimony and documents for purposes of a hearing is the lesser power to compel such testimony and documents for purposes prior to the hearing. *See also In the Matter of Arbitration Between Sec. Life Ins. Co. of Am.*, 228 F.3d 865, 870-71 (8th Cir. 2000); *Am. Fed'n of Television & Radio Artists, AFL-CIO v. WJBK-TV*, 164 F.3d 1004, 1009 (6th Cir. 1999). This holding was explicitly rejected by the later decisions of *Hay Group, Matria Healthcare* and *Ware v. C.D. Peacock, Inc.* because it is contrary to the plain language of § 7 of the FAA and the historical background of its enactment. The *Matria Healthcare* court further noted that the *Amgen Inc.* court did not "have the benefit of adversarial briefing on the question" because the issue was not disputed by the third party. 584 F.Supp.2d at 1083.

## II. THE SUBPOENAS CANNOT BE ENFORCED BY THE COURT.

Even if Grant Thornton, as a third party, could be compelled to participate in pre-hearing discovery -- which it cannot be -- Respondents' Motion should still be denied because the Subpoenas they desire cannot be enforced by the Court. Arbitral subpoenas are limited in their geographic reach by Section 7 of the FAA, which states:

> [The] summons shall issue in the name of the arbitrator[s] . . . and shall be signed by the arbitrators . . . and shall be served in the same manner as subpoenas to appear and testify before the court. [I]f any person or persons so summoned to testify shall refuse or neglect to obey said summons, upon petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting may compel the attendance of such person or persons before said arbitrator or arbitrators, or punish said person or persons for contempt in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States.

9 U.S.C. § 7. In other words, subpoenas issued by an arbitrator can only be enforced by the court in the federal district where the arbitrator sits, which in this instance is Chicago.

Further, issuance and service of subpoenas to appear before the federal courts and enforcement of those subpoenas are governed by Rule 45 of the Federal Rules of Civil Procedure. Rule 45(a)(2) provides that the subpoena for a deposition (and accompanying production) must issue "from the court for the district where the deposition is to be taken[.]" Fed. R. Civ. P. 45(a)(2). Rule 45(b)(2) permits a subpoena to be served at any place "within the district of the issuing court;" any place "outside that district but within 100 miles of the place specified" for the deposition or production, or any place within the state where a state statute or court rule allows service of a subpoena issued by a state court of general jurisdiction sitting in the place of the deposition or production specified in the subpoena. Fed. R. Civ. P. 45(b)(2). Lastly, Rule 45(e) governs the enforcement of subpoenas, stating that "[t]he issuing court may

7

hold in contempt any persons who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(e).

Reading Section 7 of the FAA together with Rule 45, it is clear that the subpoena power of the arbitrators is limited to that of the court in the district in which the arbitrators are located. For example, in *Dynegy Midstream Services, LP v. Trammochem*, 451 F.3d 89 (2d Cir. 2006), arbitrators sitting in New York issued a subpoena requiring a third party to produce documents in Houston and that subpoena was served on the third party in Houston. The Second Circuit noted that, ordinarily, under Rule 45, that subpoena would be issued by the District Court for the Southern District of Texas and could be enforced by that Court. *Id.* at 95. The court went on to find, however, that the language of the FAA required that any enforcement action for a subpoena be brought in the Southern District of New York, which was where the arbitrators were sitting. *Id.* The court then held that because the Southern District of New York did not have the power to issue or enforce a subpoena to a witness in Houston, the arbitrator in that district could not do so either. *Id.* at 96.

As *Dynegy Midstream Services* demonstrates, arbitrators only have the power to issue subpoenas for testimony and accompanying documents within 100 miles of the site of the arbitration. Likewise, this Court only has the personal jurisdiction and power to enforce such subpoenas that it could have issued.

Here, the Respondents ask this Court to enforce Subpoenas that purport to require Marc Chiang of Grant Thornton to appear and provide documents at the offices of Lock Lord Bissell & Liddell LLP located at 44 Montgomery Street, Suite 2400, San Francisco, California. Because San Francisco, California is undoubtedly beyond the 100-mile limit on the power of this Court to

8

enforce Subpoenas, the Court lacks personal jurisdiction over Grant Thornton to enforce the Subpoenas. For this reason too the Respondents' Motions should be denied.

## CONCLUSION

For all of the foregoing reasons, the Court should deny the Motions of Defendants Argonaut Private Equity, LLC and Medical Outsourcing Services for Leave to Issue Subpoena In Aid of Arbitration to Grant Thornton, LLP.

By:_____
Thomas F. Falkenberg,
One of the Attorneys for Third-Party
GRANT THORNTON, LLP

Thomas F. Falkenberg
Kirstin B. Ives
WILLIAMS MONTGOMERY & JOHN LTD.
Willis Tower
233 South Wacker Drive
Suite 6100
Chicago, Illinois, 60606-6359
(312) 443-3200
Firm ID 04933
tff@willmont.com
kbi@willmont.com

9