# EXHIBIT 1

**Falkenberg, Thomas**

| | |
|---|---|
| **From:** | Chris Blake [chris.blake@nelsonmullins.com] |
| **Sent:** | Thursday, April 28, 2011 2:09 PM |
| **To:** | Falkenberg, Thomas |
| **Subject:** | FW: Alliance v. MOS (AAA # 73 103 Y 00237 10) |
| **Attachments:** | image001.gif |

Tom,

Here's the last email I sent to the Panel before the order I forwarded to you from Judge Pratt.

# Nelson Mullins

**Christopher J. Blake**
Attorney at Law
chris.blake@nelsonmullins.com

**Nelson Mullins Riley & Scarborough LLP**

GlenLake One, Suite 200
4140 Parklake Avenue, Raleigh, North Carolina 27612
Tel: 919.877.3808 Fax: 919.877.3141

www.nelsonmullins.com
(View Bio)

---

**From:** Chris Blake
**Sent:** Thursday, April 28, 2011 12:00 PM
**To:** 'DeMuro, Paul'; Pratt, George C.
**Cc:** Adrian Mendoza; John Siemsen; Coffey, Patrick S.; Knuckey, Ashlee; O'Neill, Nora; Wilson, Chantel; Leslie Lane Mize; rlbmail@ucla.edu; ltaylor@iandplaw.com; TerriMartinez@adr.org
**Subject:** RE: Alliance v. MOS (AAA # 73 103 Y 00237 10)

Judge Pratt,

Just a few brief additional comments:

- Whether Grant Thornton or anyone else had knowledge of the specifics of the FDG billing practices of MOS prior to the closing of the Alliance/MOS transaction is an issue that will be subject of much dispute in this proceeding. Mr. DeMuro makes assertions of what Grant Thornton evaluated concerning MOS' FDG billing practices as if they are established facts, which is clearly not the case.

- With respect to Grant Thornton's work, Mr. DeMuro makes an unfounded allegation that Alliance has "produced only selected documents while apparently withholding other material." Mr. DeMuro has no factual basis for making this allegation. As I have previously reported to Mr. DeMuro, Alliance's document production in this arbitration

1

included all documents related to the work performed by Grant Thornton. The only documents that were withheld were privileged communications about Grant Thornton's work between Alliance and its counsel, which we were entitled to withhold from production. Alliance objects to this baseless assertion that Alliance has selectively withheld any documents concerning the services performed by Grant Thornton.

- It is Grant Thornton – not Alliance – that has objected to the production in response to the subpoena. If Argonaut has to commence a separate proceeding to compel Grant Thornton to produce documents and to appear to testify, I submit that it would be prudent for the Panel and the parties to put on hold any discussions of a "special" hearing until Grant Thornton's objections have been fully resolved.

Thank you for your consideration.

Best regards,

# Nelson Mullins

Christopher J. Blake
Attorney at Law
chris.blake@nelsonmullins.com

### Nelson Mullins Riley & Scarborough LLP

GlenLake One, Suite 200
4140 Parklake Avenue, Raleigh, North Carolina 27612
Tel: 919.877.3808 Fax: 919.877.3141

www.nelsonmullins.com
(View Bio)

---

**From:** DeMuro, Paul [mailto:PDEMURO@fdlaw.com]
**Sent:** Thursday, April 28, 2011 10:21 AM
**To:** Pratt, George C.
**Cc:** Adrian Mendoza; John Siemsen; Coffey, Patrick S.; Knuckey, Ashlee; O'Neill, Nora; Wilson, Chantel; Leslie Lane Mize; rlbmail@ucla.edu; ltaylor@iandplaw.com; TerriMartinez@adr.org; Chris Blake
**Subject:** RE: Alliance v. MOS (AAA # 73 103 Y 00237 10)

Judge Pratt:

Because Mr. Blake's email response to Argonaut's request for a Subpoena to Attend Hearing and Produce Documents to Grant Thornton (GT), suggests that Alliance may object to the request, it requires a brief reply.

1. It is difficult to understand Alliance's objection to the characterization of Grant Thornton's ("GT") as Alliance's "financial due diligence consultant." GT's engagement letter, which I have attached, sets out GT's scope of work as including a detailed review of MOS's financial condition and status, financial statements, accounting policies and work papers, revenue sources and profit recognition, EBITA, cost of services and goods, expenses, outside vendor and supplier contracts and relationships, all assets and liabilities, payroll, and tax structure, among other areas. If Alliance knows a more accurate short hand term to describe GT's role, we would like to hear it.

2

2. To the extent that Alliance is suggesting that our subpoena to GT seeks irrelevant or cumulative documents, such a suggestion would be totally unfounded for multiple reasons. <u>First</u>, Alliance has asserted claims against Argonaut for fraud and breach of warranties related to MOS's financial statements and condition, MOS' costs of goods, and its recognition of revenues, profits and billing practices with respect to a particular product – the FDG radioisotope. GT's financial due diligence as Alliance's consultant goes to the heart of this case. For example, GT's scope of work included its effort to "obtain an analysis of revenues, volume of performance, average prices per performance, gross margins and product line any by location" (Engagement letter, Ex. A. Revenues). <u>Second</u>, Alliance does <u>not</u> claim that it has produced all documents generated or reviewed by GT. Alliance has produced only selected documents while apparently withholding other material. Given the nature of Alliance's fraud claim, we are entitled to discover the <u>*full extent*</u> of what Alliance's financial consultant considered or failed to consider – not merely what GT's final reports said or what Alliance chooses to disclose to us from GT's papers. For example, G T evaluated multiple forms of financial records and reports detailing the manner and effect of the FDG billing by MOS that is the centerpiece of the Alliance claim, the level of expense for FDG being incurred by MOS, and the revenues associated with the MOS billings for FDG. Indeed, that and other financial information evaluated by GT and others on behalf of Alliance formed the basis for the Alliance assessment of valuation and other key issues in the deal. Further, issues or information that GT may have decided not to include in its final report to Alliance may be of supreme importance to show what Alliance knew or should have know with respect to the specific allegations at issue in this case. <u>Third</u>, as previously stated, Alliance did not object to Argonaut's original document subpoena.

3. Although we thought it was clear from the text and context of our initial request, we restate that we are asking the Panel (through you), to issue a subpoena to make GT appear at a "special" hearing – not the full merits hearing. Such a request is necessary because (i) GT might actually honor the proposed subpoena because it removes GT's primary objection, (ii) it would provide an additional basis to seek judicial enforcement if GT continues to refuse to produce its documents.

4. We would welcome a conference call with you and the parties so that we fully discuss and expedite our request.

Sincerely,

Paul DeMuro
Frederic Dorwart, Lawyers
124 E. 4th Street
Tulsa, Oklahoma 74103
918-583-9957 (office)
918-605-8382 (mobile)
918-583-8251 (fax)
pdemuro@fdlaw.com

**From:** Chris Blake [mailto:chris.blake@nelsonmullins.com]
**Sent:** Wednesday, April 27, 2011 4:52 PM
**To:** DeMuro, Paul; Pratt, George C.
**Cc:** Adrian Mendoza; John Siemsen; Coffey, Patrick S.; Knuckey, Ashlee; O'Neill, Nora; Wilson, Chantel; Leslie Lane Mize; rlbmail@ucla.edu; ltaylor@iandplaw.com; TerriMartinez@adr.org
**Subject:** RE: Alliance v. MOS (AAA # 73 103 Y 00237 10)

Judge Pratt,

On behalf of Claimant Alliance Healthcare Services, Inc. ("Alliance"), I want to comment briefly on the emails sent to you this afternoon by John Siemsen and Paul DeMuro.

First, Grant Thornton was a consultant of Alliance that participated in the due diligence for Alliance's 2008 acquisition of MOS, LLC. The scope of the services performed by Grant Thornton is set out in the materials prepared by Grant Thornton. I object to the characterization that Grant Thornton performed "financial due diligence" to the extent it implies that Grant Thornton performed any services beyond the scope of what that firm actually did. In addition, Alliance has produced non-privileged documents concerning the tasks performed by Grant Thornton during the due diligence phase of the transaction.

Second, I want to make sure that I am clear about what specifically is being requested by MOS and Argonaut. So far, what has been issued and objected to by Grant Thornton is a discovery subpoena for the production of records. Instead of a subpoena for a discovery deposition, my understanding of the current request is that MOS and Argonaut seek to have a subpoena to attend the hearing issued on behalf of the Panel. Would that require the participation of the entire Panel? Would that require the commencement of the hearing prior to the hearing date of September 19, 2011? I would like to know the answer to those questions so that I may fully understand what is being requested, and so that I may respond on behalf of my client. I suggest that a brief conference call to discuss these issues with counsel may be in order.

Finally, I do recall counsel for the parties raising the issue of third-party objections to discovery subpoenas. However, I do not recall you indicating a willingness to compel allegedly recalcitrant witnesses to attend a hearing. To the extent Grant Thornton objects to any subpoena (whether for documents or for testimony) issued by the Panel, those objections will be resolved by the district court that has jurisdiction to hear those objections.

Thank you for your consideration.

Best regards,

## Nelson Mullins

Christopher J. Blake
Attorney at Law
chris.blake@nelsonmullins.com

**Nelson Mullins Riley & Scarborough LLP**

GlenLake One, Suite 200
4140 Parklake Avenue, Raleigh, North Carolina 27612
Tel: 919.877.3808 Fax: 919.877.3141

www.nelsonmullins.com
(View Bio)

---

**From:** DeMuro, Paul [mailto:PDEMURO@fdlaw.com]
**Sent:** Wednesday, April 27, 2011 12:49 PM
**To:** Pratt, George C.

4

**Cc:** Adrian Mendoza; Chris Blake; John Siemsen; Coffey, Patrick S.; Knuckey, Ashlee; O'Neill, Nora; Wilson, Chantel; Leslie Lane Mize; DeMuro, Paul; rlbmail@ucla.edu; ltaylor@iandplaw.com; TerriMartinez@adr.org
**Subject:** RE: Alliance v. MOS (AAA # 73 103 Y 00237 10)

Judge Pratt:

On behalf of Respondent Argonaut Private Equity, LLP, I request that the Panel issue the attached Subpoena to Attend Hearing and To Produce Documents to Grant Thornton, LLP.    As grounds for this request, please consider the following:

1. Grant Thornton was the consultant retained by Claimant Alliance Healthcare Service, Inc. to perform financial due diligence in connection with Alliance's acquisition of Medical Outsource Services, Inc.  Grant Thornton's principal place of business is San Francisco, California   .

2. On April 1, 2011, the Panel issued a Subpoena Duces Tecum to Grant Thornton, LLC., at our request.  No party objected to the issuance of the Subpoena to Grant Thornton.

3. Grant Thornton has objected to the Subpoena Duces Tecum and refused to produce any documents related to its work performed on behalf of Alliance.  Grant Thornton contends that, under the Federal Arbitration Act as interpreted by courts of the Seventh Circuit, an arbitration panel does not have the authority to compel a non-party to produce documents.

4. We have conferred extensively with Grant Thornton on this issue, pointing out that several courts in the Seventh Circuit have recognized the Panel's authority to issue document subpoenas or to compel a non-party to attend a hearing to produce documents.  See e.g. Amgen Inc. v. Kidney Center of Delaware County, Ltd., 879 F.Supp. 878 (N.D. Ill. 1995), dismissed on appeal for lack of subj. matter jur., 101 F.3d 110 (7th Cir. 1996); Scandinavian v. Continental, No. 04 C 7020, 2005 WL 4440429 (N.D. Ill. June 10, 2005); Hay Group, Inc. v. E.B.S. Acquisition Corp., 360 F.3d 404, 407 (3d Cir. 2004). (There is a split of authority on this issue in the Northern District of Illinois, upon which Grant Thornton relies.  See e.g. Matri a Healthcare, LLC v. Duthie, 584 F.Supp.2d 1078, 1082 (N.D. Ill. 2008); Ware v. C.D. Peacock, Inc., No. 10 C 2587, 2010 WL 1856021, *3 (N.D. Ill. May 7, 2010)).

5. Grant Thornton has persisted in its objection and refuses to produce any documents related to the consulting services it performed on behalf of Alliance.

6. At our initial hearing in this case, you indicated a willingness to compel recalcitrant third parties to attend special hearings for the purpose of producing documents in accordance with 9 U.S.C. § 7.

7. In light of Grant Thornton's refusal to  cooperate in discovery under an AAA issued subpoena, despite its role as the Claimant's due diligence consultant in the transaction giving rise to this dispute, we respectfully request that the Panel issue the attached Subpoena to Attend Hearing and To Produce Documents to Grant Thornton, LLP.  We have left the date for the hearing blank on the proposed Subpoena so that you could fill in a date that is convenient for you.  As we intend to use this Subpoena only to obtain documents and not testimony, I would hope that counsel for all parties can be flexible and accommodate whatever date works for you.

8. Grant Thornton is likely to object to the proposed Subpoena to Attend Hearing and To Produce Documents. In that event, we will be compelled to initiate an enforcement proceeding in federal district court.  Thus, we respectfully request that you consider this request on an expedited basis so that we might obtain these critical documents with sufficient time to prepare our case.   I have included language in the proposed Subpoena that indicates that the Panel supports judicial enforcement of the subpoena if necessary.

Please let  us  know if you have questions or require additional information regarding this request.  We are of course available at your convenience for a conference call.

Sincerely,


Paul DeMuro
Frederic Dorwart, Lawyers

124 E. 4th Street
Tulsa, Oklahoma  74103
918-583-9957 (office)
918-605-8382 (mobile)
918-583-8251 (fax)
pdemuro@fdlaw.com

==========================================================================

Confidentiality Notice

This message is intended exclusively for the individual or
entity to which it is addressed. This communication may
contain information that is proprietary, privileged,
confidential or otherwise legally exempt from disclosure.

If you are not the named addressee, you are not authorized
to read, print, retain, copy or disseminate this message
or any part of it.  If you have received this message in
error, please notify the sender immediately either by
phone (800-237-2000) or reply to this e-mail and delete
all copies of this message.

To ensure compliance with the requirements imposed by the
IRS, we inform you that any U.S. federal tax advice
contained in this communication (including the
attachments) is not intended or written to be used, for
the purpose of (a) avoiding penalties under the Internal
Revenue Code or (b) promoting, marketing or recommending
to another party any transaction or tax-related matter[s].
To provide you with a communication that could be used to
avoid penalties under the Internal Revenue Code will
necessarily entail additional investigations, analysis and
conclusions on our part.
==========================================================================