UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In the Matter of the Arbitration Between:

| | |
|---|---|
| ALLIANCE HEALTHCARE SERVICES, INC. ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 11-cv-03275 |
| ) | |
| ARGONAUT PRIVATE EQUITY, LLC and ) | |
| MEDICAL OUTSOURCING SERVICES, INC. ) | |
| ) | |
| Respondents. ) | |

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO ISSUE SUBPOENA
IN AID OF ARBITRATION**

Now comes Respondent, Medical Outsourcing Services, Inc. ("MOS"), by its undersigned attorneys, for its reply memorandum in support of its motion for entry of an order that a certain arbitration subpoena issued to a third-party witness is valid and enforceable, and for leave to issue, under this case name and number, a subpoena to the third-party witness under Fed.R.Civ.P. 45(a)(3)(B), and states as follows:

**BACKGROUND**

Alliance Healthcare Services, Inc. ("Alliance"), as petitioner, and Argonaut Private Equity, LLC ("Argonaut") and MOS, as respondents, are parties to an arbitration proceeding administered by the American Arbitration Association. On April 28, 2011, the Chairman of the Arbitration Panel, retired United States District Court Judge George C. Pratt, issued a Subpoena to Marc Chiang of Grant Thornton, LLP ("Grant Thornton"), seeking his attendance and oral testimony at a hearing before a panel of the American Arbitration Association on May 23, 2011 in San Francisco, California (the "Subpoena"). The location was selected as an accommodation

1

to Mr. Chiang, who works in Grant Thornton's San Francisco office. Counsel for Grant Thornton, Mr. Thomas Falkenberg, indicated his belief that the Subpoena was not enforceable.

On May 20, 2011, MOS filed a Motion for Leave to Issue Subpoena in Aid of Arbitration, seeking leave to issue a subpoena, under Federal Rule of Civil Procedure 45(a)(3)(B), to compel the oral testimony of third party Mr. Chiang at a hearing before the American Arbitration Association. Respondent Argonaut had filed a similar motion seeking assistance in the enforcement of a subpoena to produce documents at the arbitral hearing (the "Argonaut Subpoena") on May 18, 2011. On June 13, 2011, Grant Thornton filed a Response of Third-Party Grant Thornton, LLP to Motions for Leave to Issue Subpoena in Aid of Arbitration, in which it argued that (i) the Federal Arbitration Act does not allow an arbitrator to compel a third party to participate in pre-hearing discovery, and (ii) this Court lacks the authority to enforce the Subpoena and the Argonaut Subpoena.

## ARGUMENT

### I. THE FEDERAL ARBITRATION ACT ALLOWS ARBITRATORS TO COMPEL WITNESS TESTIMONY AT A HEARING BEFORE AN ARBITRATOR.

Grant Thornton's Response incorrectly characterizes the Subpoena as being directed to "pre-hearing discovery." Importantly, MOS seeks to compel Mr. Chiang's attendance, not at a mere deposition, but instead at an arbitral hearing before an arbitrator. With respect to an arbitrator's subpoena authority under the Federal Arbitration Act ("FAA"), there is a clear distinction between depositions or other pre-hearing discovery, on the one hand, and arbitral hearing testimony or document production on the other. *See Life Receivables Trust v. Syndicate 102 at Lloyd's of London*, 549 F3d 210, 218 (2d Cir. 2008); *Stolt-Nielsen SA v. Celanese AG*, 430 F.3d 567, 578 (2d Cir. 2005). While Grant Thornton correctly notes that some courts have held that an arbitrator cannot compel attendance at a pre-hearing deposition, *see*, *e.g.*, *Matria Healthcare,*

2

*LLC v. Duthie*, 584 F.Supp.2d 1078 (N.D. Ill. 2008), the FAA does in fact authorize an arbitrator to summon a witness to a hearing before an arbitrator, *see Stolt-Nielsen*, 430 F.3d at 577-81. Grant Thornton's argument challenging the arbitrator's authority to compel Mr. Chiang's attendance is based solely on cases involving discovery subpoenas for depositions or document production prior to any hearing, rather than subpoenas for appearance at an arbitral hearing. *See Hay Group, Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404 (3d Cir. 2004) (subpoena for document production); *COMSTAT Corp. v. National Science Foundation*, 190 F.3d 269 (4th Cir. 1999) (subpoena for deposition and document production); *Matria Healthcare, LLC v. Duthie*, 584 F.Supp.2d 1078 (N.D. Ill. 2008) (subpoena for deposition); *Ware v. C.D. Peacock, Inc.*, No. 10 C 2587, 2010 WL 1856021 (N.D. Ill. May 7, 2010) (subpoena for deposition). Because MOS seeks Mr. Chiang's attendance at a hearing before an arbitrator in conformity with the language of § 7, all of the cases cited by Grant Thornton are inapposite. See *Stolt-Nielsen*, 430 F.3d at 577-8 ("Any rule there may be against compelling non-parties to participate in discovery cannot apply" where attendance at an arbitral hearing is sought.).

Contrary to Grant Thornton's assertions, the FAA grants the arbitrator the authority to compel witness testimony at a hearing even if the hearing is preliminary to the ultimate "merits" arbitral hearing. *Stolt-Nielsen*, 430 F.3d at 577-81 (rejecting third party's contention that a preliminary arbitral hearing in advance of the "merits hearing" is a "thinly disguised effort to obtain pre-hearing discovery"). The Federal Arbitration Act (the "FAA"), by its plain language, authorizes an arbitration panel to summon a nonparty to appear and give testimony before one or more of the arbitrators. *See* 9 U.S.C. § 7. Section 7 of the FAA provides, in pertinent part, that "[t]he arbitrators . . . may summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case." 9 U.S.C. § 7. Nothing in the text of § 7

3

limits the arbitrators' authority to a single hearing, and § 7 expressly contemplates that a witness can be compelled to testify at a hearing before less than all of the arbitrators. While Grant Thornton contends that the contemplated hearing before one of the arbitrators in San Francisco is "nothing more than a sham proceeding to evade the clear mandate of § 7 with respect to pre-hearing discovery," such a procedure is endorsed by *Hay*, a case heavily relied upon by Grant Thornton. 360 F.3d at 411 (noting that the documents at issue could have been obtained had the arbitration panel issued a subpoena to appear at a special hearing and bring the documents, rather than a discovery subpoena); *see also Life Receivables Trust*, 549 F.3d at 218 (noting arbitrator's powers to hold hearings for testimony and document production in advance of merits hearings).

Even if the San Francisco hearing were deemed a pre-hearing deposition, rather than a hearing before the arbitrator, courts have held "that implicit in the power to compel testimony and documents for purposes of a hearing is the lessor power to compel such testimony and documents for purposes prior to hearing." *Amgen Inc. v. Kidney Center of Delaware County, Ltd.*, 879 F.Supp. 878, 800 (N.D. Ill. 1995) (citing *Meadows Indemnity Co., Ltd. v. Nutmeg Insurance Co.*, 157 F.R.D. 42 (M.D. Tenn. 1994) (citing *Stanton v. Paine Webber Jackson & Curtis*, 685 F.Supp. 1241 (S.D. Fla. 1988)).

Because the Subpoena seeks Mr. Chiang's attendance at an arbitral hearing rather than a prehearing deposition, and because even arbitral subpoenas for pre-hearing depositions have been held valid and enforceable, the Subpoena should be held to be valid and enforceable.

II. **THE SUBPOENA CAN BE ENFORCED BY THE COURT**

Grant Thornton contends that, under §7 of the FAA and Federal Rule of Civil Procedure 45, an arbitrator can only issue a subpoena only to a witness located within 100 miles of the site of the arbitration, yet only the court of the site of the arbitration can enforce an arbitral subpoena.

4

Under Grant Thornton's interpretation, a witness such as Mr. Chiang is simply outside the reach of the arbitration panel. In *Amgen*, Judge Gettleman found such an argument "unavailing because it leaves a gap in the law, which is contrary to Congressional intent, and unnecessary." 879 F. Supp. at 882. In particular, the interstate nature of arbitrations governed by the FAA and the national policy favoring arbitration indicate that the FAA should not be interpreted to prohibit issuance and enforcement of an arbitral subpoena for an out-of-state witness. *See id.* On the other hand, the *Amgen* court recognized the territorial limits imposed by Rule 45. *See id.* at 882-83. Finding the arbitral subpoena valid and enforceable, the *Amgen* court accomplished enforcement by ordering counsel for the party seeking witness testimony to issue a subpoena under Federal Rule of Civil Procedure 45(a)(3)(B),[1] which allows an attorney authorized to practice in the jurisdiction of the trial court to issue a subpoena in the name of the court for the jurisdiction in which the testimony will be taken. Likewise, MOS seeks leave for its counsel to issue a subpoena to Mr. Chiang under Federal Rule of Civil Procedure 45(a)(3)(B).

The approach outlined by Judge Gettleman in *Amgen* avoids the result reached in the only case cited by Grant Thornton on the issue of enforceability, *Dynegy Midstream Services, LP v. Trammochem*, 451 F.3d 89 (2d Cir. 2006). *Dynegy* held that a subpoena issued by an arbitration panel sitting in New York for the production of documents in Texas was unenforceable. *See id.* at 95. The *Dynegy* court declined to follow *Amgen*, noting that the gap created, i.e., the inability to subpoena a witness more than 100 miles from the site of arbitration, might have been intended by Congress, and that the parties to the arbitration could have elected to arbitrate in Texas where

---

[1] Rule 45(a)(3)(b) provides:

> An attorney also may issue and sign a subpoena as an officer of: (A) a court in which the attorney is authorized to practice; or (B) a court for a district where a deposition is to be taken or production is to be made, if the attorney is authorized to practice in the court where the action is pending.

Fed. R. Civ. P. Rule 45(a)(3)(b).

5

the documents were located and much of the activity at issue occurred. *See id.* at 96. As *Amgen* highlights, such an interpretation runs counter to the national policy favoring arbitration. 879 F. Supp. at 882. In the arbitration underlying this case, as is typical in complex disputes, potential third party witnesses are located in multiple states, such that, no matter where the site of arbitration, some witnesses would be outside the reach of the panel under *Dynegy*, even for evidence depositions. MOS urges this court to follow the approach in *Amgen*, which allows for effective and efficient arbitration under the FAA, within the restrictions imposed by the FAA and the Federal Rules of Civil Procedure.

### CONCLUSION

WHEREFORE, Respondent, Medical Outsourcing Services, Inc., respectfully requests that, in aid of arbitration, this Honorable Court (a) issue an order that the Subpoena to Attend Hearing and to Give Oral Testimony is valid and enforceable; (b) grant leave to counsel for Medical Outsourcing Services, Inc. to issue, under Federal Rule of Civil Procedure 45(a)(3)(B) and this case name and number, a subpoena for Marc Chiang to give oral testimony at a hearing before the arbitrator in San Francisco, California, and (c) grant such other and further relief as the Court deems just and proper.

DATED: June 24, 2011

                                               Respectfully submitted,
                                               MEDICAL OUTSOURCING SERVICES, INC.

                                               By: \_\_/s Adrian Mendoza_____
                                                     One of Its Attorneys

Adrian Mendoza, Esq.
Illinois Bar No: 6225634
John P. Siemsen, Esq.
Illinois Bar No: 6270609
LILLIG & THORSNESS, LTD.
1900 Spring Road, Suite 200
Oak Brook, IL 60523
(630) 571-1900 telephone
(630) 57-1042 facsimile
Email: amendoza@lilliglaw.com
jsiemsen@lilliglaw.com

*Counsel for Medical Outsourcing Services, Inc.*