**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In the Matter of the Arbitration Between: | ) |
| | ) |
| ALLIANCE HEALTHCARE SERVICES, INC. | ) |
| | ) |
| Petitioner, | ) Case No. 11-cv-3275 |
| | ) |
| vs. | ) Honorable Judge Matthew F. Kennelly |
| | ) |
| ARGONAUT PRIVATE EQUITY, LLC AND | ) Magistrate Judge Geraldine Soat Brown |
| MEDICAL OUTSOURCING SERVICES, INC. | ) |
| | ) |
| Respondents. | ) |

**REPLY IN SUPPORT OF
MOTION FOR LEAVE TO ISSUE SUBPOENA IN AID OF ARBITRATION**

Argonaut Private Equity, LLC ("Argonaut"), by its counsel, and in further support of its

motion asking this Court to enforce arbitration subpoenas issued to Grant Thornton, LLP and one

of its representatives (collectively "Grant Thornton"), replies as follows:

**INTRODUCTION**

Grant Thornton's Response Memorandum misses the mark. The issue in this case is not

merely whether arbitrators may issue subpoenas for federal-court-like discovery (that is,

subpoenas *returnable to lawyers* for depositions and document production *outside the presence

of an arbitrator*). Rather, as Grant Thornton concedes, the subpoenas at issue in the present

matter are subpoenas *returnable to the arbitration panel* for testimony and document production

*in the presence of an arbitrator*. (*See* Grant Thornton Response at 2, 6; *see also* Subpoenas

attached hereto as Exhibit A, each at page 1: "this will serve to command your attendance at a

hearing before the American Arbitration Association," and "this will serve to command the

attendance of Marc Chiang of Grant Thornton, LLP at a hearing before the American Arbitration

Association").  The authority of arbitrators to issue subpoenas of this nature is expressly

provided by Section 7 of the Federal Arbitration Act, 9 U.S.C. § 7, which states that arbitrators:

> may summon in writing any person *to attend before them or any of them* as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case.

*Id.* (emphasis added).

Reduced to its essentials, Grant Thornton appears to object because: (1) the testimony

and review of documents will purportedly take place before only one of the three selected

arbitrators, and (2) it is purportedly improper for an arbitration panel to take evidence either in

multiple sessions or in limited-purpose "hearings" that precede a main, so-called "actual merits

hearing" that will take place later.  (Response at 2, 6.)  But the first objection is answered by the

text of Section 7 itself, which expressly provides that arbitrators may issue subpoenas

commanding non-parties to "attend before them *or any of them*."  And the second objection has

been addressed and rejected by the United States Court of Appeals:

> "Nothing in the language of the FAA limits the point in time in the arbitration process when [the subpoena] power can be invoked or says that the arbitrators may only invoke this power under section 7 at the time of the trial-like final hearing."  To the contrary, the language of Section 7 is broad, limited only by the requirement that the witness be summoned to appear "before [the arbitrators] or any of them" and that the evidence requested be material to the case.

*Stolt-Nielsen SA v. Celanese AG*, 430 F.3d 567, 578-79 (2d Cir. 2005) (citation omitted, brackets

in original) (enforcing arbitration subpoenas compelling attendance of document custodians to

appear before arbitrators in advance of the ultimate "trial-like" arbitration hearing); *see also Hay

Group v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 413 (3d Cir. 2004) (Chertoff, Circuit Judge,

concurring) ("Under section 7 of the Federal Arbitration Act, arbitrators have the power to

compel a third-party witness to appear with documents before a single arbitrator, who can then adjourn the proceedings").

Against the express language of Section 7 and the clear weight of the aforementioned precedent, Grant Thornton offers only unsupported assertions, suggesting that the parties and/or the arbitrators (led by Chairman George C. Pratt, who formerly sat on the United States Court of Appeals for the Second Circuit and the United States District Court for the Eastern District of New York) are attempting to perpetrate a "sham." (Response at 6.) That accusation is baseless; and it ignores the fact that it was the AAA arbitrators themselves who suggested that they would be willing to conduct hearings as necessary in the event third parties resisted requests for records or testimony.

## DISCUSSION

## I. THE ARBITRATION SUBPOENAS ARE EXPRESSLY AUTHORIZED BY THE FEDERAL ARBITRATION ACT.

Courts are divided as to whether arbitrators have authority to issue subpoenas compelling federal-court-like discovery – that is, subpoenas returnable to lawyers requiring either depositions or document productions that occur entirely outside the presence of the arbitrators. The Second, Third and Fourth Circuits, as well as certain district courts, have concluded that arbitrators do not have the power to issue discovery subpoenas of that type, holding that the authority conferred upon arbitrators is strictly confined by the express language of Section 7, which speaks only of subpoenas "to attend before them." *See Life Receivables Trust v. Syndicate 102 At Lloyd's of London*, 549 F.3d 210, 217 (2d Cir. 2008); *Hay Group v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 407, 411 (3d Cir. 2004); *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 275-76 (4th Cir. 1999) (no authority absent "special need or hardship"); *Empire Fin. Group*, 2010 U.S. Dist. LEXIS 18782, Case No. 3:09-CV-2155-D (N.D. Tex., Mar. 3, 2010). Other

courts, in contrast, have held that the express grant of authority in Section 7 necessarily implies the lesser power to compel at least the production of documents in accordance with modern notions of federal-court discovery. The Sixth and Eighth Circuits, as well as certain district courts, have therefore enforced subpoenas requiring non-parties to produce documents to counsel via discovery. *Am. Fed'n of Television & Radio Artists v. WJBK-TV*, 164 F. 3d 1004, 1009 (6th Cir. 1999); *In the Matter of Arbitration Between Sec. Life Ins. Co. of America*, 228 F.3d 865, 870-71 (8th Cir. 2000); *Meadows Indem. Co. v. Nutmeg Ins. Co.*, 157 F.R.D. 42, 45 (M.D. Tenn. 1994).

The Seventh Circuit apparently has not reached the question, and the courts within this District are split. In *Amgen Inc. v. Kidney Center of Delaware County, Ltd.*, 879 F. Supp. 878, 880 (N.D. Ill. 1995), Judge Gettleman held that "implicit in the power to compel testimony and documents for purpose of a hearing is the lessor power to compel such testimony and documents for purposes prior to hearing." However, in *Ware v. C.D. Peacock, Inc.*, 2010 U.S. Dist. LEXIS 44737, Case No. 10 C 2587 (N.D. Ill., May 7, 2010), and *Matria Healthcare, LLC v. Duthie*, 584 F. Supp. 2d 1078 (N.D. Ill. 2008), Magistrate Judges Nolan and Cole, respectively, held that the FAA does not authorize arbitrators to issue subpoenas for discovery depositions. *Ware*, 2010 U.S. Dist. LEXIS 44737 at * 7; *Matria*, 584 F. Supp. 2d at 1083. If this Court should agree with the position taken by the Eighth Circuit and Judge Gettleman, among others, then *a fortiori* the subpoenas at issue here are enforceable.

This Court need not wade into that controversy, however. The subpoenas at issue here are returnable to the arbitration panel, and require testimony and a review of documents at a hearing before an arbitrator. As set forth in Exhibit A, Judge George C. Pratt (Retired), acting for the arbitration panel, issued two subpoenas commanding the attendance of Grant Thornton

and Marc Chiang, one of Grant Thornton's representatives, "at a hearing before the American Arbitration Association . . . on the 23rd day of May 2011." (Exhibit A.) The subpoenas at issue here are not the type of generalized "discovery" subpoenas referenced in the earlier-cited cases. Rather, they are subpoenas for testimony and documents returnable at a hearing scheduled before the American Arbitration Association. As such, they fall within the ***express grant of authority*** set forth in Section 7. *See* 9 U.S.C. § 7 (arbitrators "may summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence").

This distinction – that is, between subpoenas returnable to counsel and subpoenas returnable to a hearing before the arbitrators – was at the heart of the Second Circuit's decision in *Stolt-Nielsen SA v. Celanese AG*, 430 F.3d 567 (2d Cir. 2005). In *Stolt-Nielsen*, arbitrators originally had issued subpoenas to non-parties to the arbitration, purportedly ordering those non-parties to appear before counsel to give depositions and produce documents. When the subpoena recipients refused to appear, the subpoenas' proponents brought a petition in the United States District Court seeking their enforcement. The court refused. *Id.* at 570. In reaching that conclusion, the court believed that Section 7 of the FAA "grants arbitrators the power to compel non-parties to provide testimony and documents before the arbitrators themselves," but it does not confer upon arbitrators the power to order pre-hearing depositions or document productions. *Id.*

Thereafter, the arbitrators issued new subpoenas. Included among those new subpoenas were four subpoenas issued to document custodians of appellant Stolt-Nielsen. *Id.* Unlike the earlier subpoenas, the new subpoenas ordered the document custodians to "'appear and testify in an arbitration proceeding' and to bring certain documents with them." *Id.* When the document

custodians thereafter refused to comply, the proponents of the subpoenas again sought the assistance of the district court. But this time, the court ordered that the subpoenas should be enforced. *Id.*

Rejecting Stolt-Nielsen's argument "that the subpoenas were 'thinly disguised attempt[s] to obtain the pre-hearing discovery' that the court had previously prohibited," the court explained that, unlike the earlier subpoenas, "'the instant subpoenas . . . call for the non-party to appear before the arbitrators themselves:'"

> According to the court, "[t]his difference is dispositive" because Section 7 authorizes arbitrators to summon witnesses to testify "before them" and to bring documents, and that "is precisely what the instant subpoenas require."

*Id.* at 571 (ellipsis and brackets in original). Stolt-Nielsen appealed, and the Second Circuit affirmed.

As Stolt-Nielsen framed its core issue on appeal, the court was being asked to decide whether Section 7 of the FAA "authorize[s] arbitrators to issue subpoenas to compel pre-hearing depositions and document discovery from non-parties," but the Second Circuit disagreed with that characterization:

> We decline to decide whether Section 7 authorizes arbitrators to issue subpoenas to non-parties to compel pre-hearing discovery, because there is no occasion to do so in this case. Contrary to Stolt's claim, the subpoenas in question did not compel pre-hearing depositions or document discovery from non-parties. Instead, the subpoenas compelled non-parties to appear and provide testimony and documents to the arbitration panel itself at a hearing held in connection with the arbitrators' consideration of the dispute before them. The plain language of Section 7 authorizes arbitrators to issue subpoenas in such circumstances.

*Id.* at 569. The Second Circuit noted, for example, that depositions are defined as "'out-of-court testimony'" that "usually take place outside the presence of the decision maker" whereas, in contrast, the subpoenas at issue before them required the document custodians to appear at a

hearing before the arbitrators. *Id.* at 578. Therefore, even if there were a rule "against compelling non-parties to participate in discovery," that rule simply "cannot apply to situations, as presented here, in which the non-party is 'summon[ed] in writing . . . to attend before [the arbitrators] or any of them as a witness and . . . to bring with him . . . [documents] which may be deemed material as evidence in the case.'" *Id.* (quoting Section 7) (ellipsis and brackets in original).

The Second Circuit also quickly disposed of Stolt-Nielsen's remaining objections, which include the two asserted in the present case by Grant Thornton. First, the Second Circuit held that there was nothing objectionable about the document custodians being called to appear at a hearing that "was preliminary to later hearings that the panel intended to hold," nor does use of such a procedure transform the subpoenas into an improper discovery device. *Id.* at 578. Adopting the language used by the district court, the Second Circuit held that:

> "Nothing in the language of the FAA limits the point in time in the arbitration process when [the subpoena] power can be invoked or says that the arbitrators may only invoke this power under section 7 at the time of the trial-like final hearing."

*Id.* (quoting *Odfjell ASA v. Celanese AG,* 348 F. Supp. 2d 283, 287 (S.D.N.Y. 2004)). As the court further explained, "often witnesses are called and evidence adduced in contexts other than trials." *Stolt-Nielsen SA.* 430 F.3d at 579.

Second, the court held that Section 7 expressly permits subpoenas to be returned at proceedings where only one arbitrator is in attendance. Section 7 provides that arbitrators may issue subpoenas commanding non-parties to "attend before them *or any of them*" – language which "suggests that the provision authorizes the use of subpoenas at preliminary proceedings even in front of a single arbitrator, before the full panel 'hears the more central issues.'" *Id.* (citation omitted). In short, there was no basis to deny enforcement of the arbitration subpoenas.

The Third Circuit's decision in *Hay Group*, which is relied-upon heavily by Grant Thornton in its Response, is in complete accord.  In *Hay Group*, the Court refused to enforce a subpoena calling for non-party document production, concluding that "Section 7's language unambiguously restricts an arbitrator's subpoena power to situations in which the non-party has been called to appear in the physical presence of the arbitrator and to hand over the documents at that time."  360 F.3d at 407.  (That description, of course, precisely fits the subpoenas in the present matter.)  Concurring in the opinion and judgment, Circuit Judge Chertoff explained that the court's opinion "does not leave arbitrators powerless to require advance production of documents when necessary to allow fair and efficient proceedings."  *Id.* at 413.  Instead:

> Under section 7 of the Federal Arbitration Act, arbitrators have the
> power to compel a third-party witness to appear with documents
> before a single arbitrator, who can then adjourn the proceedings.
> This gives the arbitration panel the effective ability to require
> delivery of documents from a third-party in advance,
> notwithstanding the limitations of section 7 of the FAA.

*Id.*  Judge Chertoff's concurring opinion was cited with approval and quoted by the Second Circuit in *Life Receivable*s, where the Court noted that the "arbitrator must be present" requirement will act as its own limiting factor, forcing parties and arbitrators to issue subpoenas only when advance consideration of documents "is truly necessary."  549 F.3d at 218 ("arbitral section 7 authority is not limited to witnesses at merits hearings, but extends to hearings covering a variety of preliminary matters").

In short, there is simply no question that the subpoenas at issue in the present matter – requiring Grant Thornton to appear before the arbitrators to give testimony, and to bring along documents – are expressly authorized by the Federal Arbitration Act.

II.     **THIS COURT HAS JURISDICTION TO ENFORCE THE ARBITRATION SUBPOENAS.**

As a fallback position, Grant Thornton claims that "this Court does not have the power to enforce the Subpoenas" at issue. (Response at 3, 7-9.) But that argument also fails. Grant Thornton is present in this District and subject to the personal jurisdiction of this Court; indeed, Grant Thornton does not argue otherwise. This Court therefore certainly does have "the power to enforce" the subject subpoenas.

Section 7 of the FAA allows arbitrators to issue subpoenas to "any person." If such a person should refuse to obey, enforcement proceedings may then be brought in "the United States district court for the district in which such arbitrators, or a majority of them, are sitting." In the present action, Grant Thornton concedes that this Court – that is, the United States District Court for the Northern District of Illinois – is the proper forum to bring enforcement proceedings. (Response at 7: "subpoenas issued by an arbitrator can only be enforced by the court in the federal district where the arbitrator sits, which in this instance is Chicago.") There is, therefore, no issue over whether this Court has been statutorily empowered to enforce the arbitration subpoenas.

Instead, citing *Dynegy Midstream Services, LP v. Trammochem*, 451 F.3d 89 (2d Cir. 2006), Grant Thornton appears to argue that this Court does not have *personal jurisdiction* over it. In *Dynegy*, the Second Circuit held that two requirements must be satisfied in order for a District Court to enforce an arbitration subpoena: first, the District Court must be the one identified in Section 7 as the appropriate forum; and second, the District Court must have personal jurisdiction over the subpoena recipient. *Id.* at 94-96. There, the Court held that a New York District Court lacked personal jurisdiction to enforce an arbitration subpoena against a Texas-based company that "has no contacts with New York." *Id.* at 91.

9

But that is plainly not the case here. Indeed, almost as soon as Grant Thornton mentions *Dynegy*, it abandons the personal jurisdiction argument altogether. Grant Thornton neither argues nor attempts to prove that it is not physically present or doing business in Illinois or this District. And for good reason. Grant Thornton's "National Office" is located at 175 W. Jackson Blvd., 20th Floor, Chicago, Illinois, 60604-2687 – in other words, just down the street from the Courthouse. (*See* Exhibit B.)

Rather, Grant Thornton attempts to shift its argument. It asks this Court to consider whether ***this Court*** could itself ***issue*** a subpoena for a hearing to take place in San Francisco. But the guidelines addressing the *issuance* of federal court subpoenas – found in Subsection (a) of Rule 45 – are not incorporated into Section 7 of the FAA. Rather, by its express terms, Section 7 incorporates only the portions of Rule 45 addressing ***service and enforcement*** of subpoenas – that is, the provisions found in Rule 45(b) and Rule 45(e). Specifically, Section 7 says that arbitration subpoenas "shall be ***served*** in the same manner as subpoenas to appear and testify before the court" and, if there is non-compliance, subpoenas may be enforced (that is, the court "may compel the attendance" of witnesses and "punish" witnesses) in the same manner as they would be "in the courts of the United States." So, although Section 7 appears to implicate Subsections (b) and (e) of Rule 45 (dealing with service and enforcement of subpoenas), it does not expressly reference or incorporate the rules for subpoena issuance contained in Subsection (a) of Rule 45.[1] Grant Thornton's argument, which is built on a contrary assumption, is therefore baseless.

---

[1] The parties asked the arbitrators to site the Grant Thornton hearing in San Francisco solely for the convenience of Grant Thornton. If Grant Thornton contends that the subpoenas are enforceable only if Grant Thornton is compelled to give testimony and produce documents in Chicago, Argonaut will gladly ask that the subpoenas be amended accordingly.

This result does not leave subpoena recipients helpless if they should receive a subpoena directing them to appear before an arbitration panel in a far-off location. Rule 45(e)'s enforcement provision expressly incorporates Rule 45(c)(3)(A)(ii), which protects a non-party subpoena recipient from travelling more than 100 miles from where he resides, is employed, or regularly transacts business, or requires him to travel outside his own State for purposes of trial. But that protection is of no use in this matter for Grant Thornton or its representative, Marc Chiang. Both regularly do business in San Francisco – the location established in the subpoenas – where Mr. Chiang is employed.

In the end, Grant Thornton concedes that this Court is the statutorily correct court to enforce the subject subpoenas, and Grant Thornton cannot contest that it is subject to personal jurisdiction in this District. This Court is therefore empowered to enforce the arbitrators' subpoenas issued to Grant Thornton.

## CONCLUSION

For all the foregoing reasons, Argonaut Private Equity, LLC respectfully requests that this Court enter an Order pursuant to Section 7 of the Federal Arbitration Act enforcing the arbitration subpoenas issued to Grant Thornton (as may be amended to set a new date and time for hearing).

DATED:  June 24, 2011                                        Respectfully submitted,

                                                                            ARGONAUT PRIVATE EQUITY, LLC

                                                            By:      s/ Patrick S. Coffey
                                                                       One of Its Attorneys

Patrick S. Coffey (# 6188134)
Timothy M. Maggio (# 6191406)
Ashlee M. Knuckey (# 6300237)
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, IL 60606
Direct: (312) 443-1802 (P.S. Coffey)
Fax:    (312) 896-6702 (P.S. Coffey)
-and-
Paul DeMuro
OBA #17605 (*pro hac vice to be filed*)
Nora O'Neill
OBA #19901 (*pro hac vice to be filed*)
FREDERIC DORWART, LAWYERS
124 East Fourth Street
Tulsa, Oklahoma  74103
(918) 583-9922 – telephone
(918) 583-8251 – facsimile

*Counsel for Argonaut Private Equity, LLC*

## CERTIFICATE OF SERVICE

I, Patrick S. Coffey, hereby certify that on June 24, 2011, I electronically filed the foregoing "REPLY IN SUPPORT OF MOTION FOR LEAVE TO ISSUE SUBPOENA IN AID OF ARBITRATION" with the Clerk of the Court using the CM/ECF system, which caused the foregoing to be served upon counsel of record via the Court's CM/ECF system. I further certify that I caused the foregoing to be served upon the following via Federal Express on June 24, 2011, addressed as follows:

Christopher J. Blake
Leslie L. Mize
NELSON MULLINS RILEY &
SCARBOROUGH, LLP
4140 Parklake Avenue
GlenLake One, Suite 200
Raleigh, North Carolina 27612

Marc Chiang
Grant Thornton
One California Street
Suite 2300
San Francisco, CA 94111

*Counsel for Alliance HeathCare Services, Inc.*

_____s/ Patrick S. Coffey_____
Patrick S. Coffey

Patrick S. Coffey (# 6188134)
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, IL 60606
Direct: (312) 443-1802
Fax:    (312) 896-6702

*Counsel for Argonaut Private Equity, LLC*