**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In the Matter of the Arbitration Between: ) | |
| ) | |
| ALLIANCE HEALTHCARE SERVICES, INC. ) | |
| ) | |
| Petitioner, ) | Case No. 11-cv-3275 |
| ) | |
| vs. ) | Honorable Judge Matthew F. Kennelly |
| ) | |
| ARGONAUT PRIVATE EQUITY, LLC AND ) | Magistrate Judge Geraldine Soat Brown |
| MEDICAL OUTSOURCING SERVICES, INC. ) | |
| ) | |
| Respondents. ) | |

## AMENDED PETITION TO COMPEL ARBITRATION

Respondent, Argonaut Private Equity, LLC ("Argonaut"), by its undersigned attorneys, hereby requests this Honorable Court to issue a subpoena to a certain third-party witness in aid of arbitration.

### The Parties

1. Claimant Alliance HealthCare Services, Inc., formerly Alliance Imaging, Inc. (collectively, "Alliance"), is a Delaware corporation with its principal place of business in California, engaged directly or through affiliates in providing healthcare services in multiple regions of the United States.

2. Respondent Argonaut is an Oklahoma limited liability company whose sole member is George B. Kaiser, a citizen of Oklahoma.

3. Respondent MOS, Inc. ("MOS") is an Illinois corporation with its principal place of business in Illinois.

**The Arbitration Agreement**

4. Alliance, Argonaut and MOS (collectively, the "Parties") are parties to a Membership Interest Purchase Agreement (the "MPA"), in which Alliance purchased Medical Outsource Services, LLC ("MOS-LLC") from Argonaut and MOS, and which contains a broad arbitration clause stating:

> This Agreement is to be governed in all respects the substantive laws of the State of New York, without regard to its choice of law principles. Subject to the right of any party to seek an injunction or other equitable relief from a court with applicable authority and the right of Indemnified Party described in Section 7.4(b)(v), any controversy, dispute or disagreement arising out of or relating to this Agreement shall be resolved by binding arbitration, which shall be conducted in Orange County, California (except in the case of a dispute relating to the application of Section 6.6 or 6.7 of this Agreement, in which case the arbitration shall take place in Cook County, Illinois) in accordance with the rules of the American Arbitration Association (the "AAA"). Except to the extent that the AAA will not accept the following procedures (in which case the procedures of the AAA for arbitration of commercial matters shall be followed): each party shall select an arbitrator from a list provided by the AAA within ten (10) days after the list is provided; after the two (2) arbitrators are selected, the arbitrators shall meet promptly to resolve the matter; if the arbitrators are unable to resolve the matter within sixty (60) days after the selection of the second arbitrator, then a third arbitrator shall be appointed by the two arbitrators, or if they cannot agree, the third arbitrator shall be selected by the arbitrators from a list provided by the AAA; promptly after the third arbitrator has been selected, the three arbitrators shall resolve the matter; and no arbitrator shall be selected who previously represented any party or its Affiliate in any capacity. A decision by a majority of the arbitrators shall resolve the matter. Any decision rendered by a majority of the arbitrators shall be final and binding on the parties and shall be enforceable in any court having jurisdiction thereof. The arbitrators shall have the authority to require the losing party to pay all costs associated with such arbitration, including expenses and fees of arbitrators. Costs shall include reasonable legal, consulting, and other fees incurred by a party in the course of such arbitration.

### The Arbitration Dispute

5.     After a dispute arose regarding the MPA, Alliance demanded arbitration on June 21, 2010.  The arbitration panel (the "Panel") was duly constituted as provided in the arbitration clause.  The arbitration is scheduled to take place in Chicago, Illinois, per the Parties' agreement.  (*See* Procedural Order Nos. 1 and 2 attached as Group Exhibit 1.)  The Parties currently are in the "discovery phase" of the arbitration.

### Jurisdiction And Venue

6.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between Alliance, MOS and Argonaut, and the amount in controversy exceeds $75,000.

7.     The controversy between Alliance, MOS and Argonaut is a controversy between citizens of different states.  Alliance is a Delaware corporation with its principal place of business in California.  (*See supra* at ¶ 1.)  Argonaut is an Oklahoma limited liability company whose sole member is George B. Kaiser, a citizen of Oklahoma.  (*Id*. at ¶ 2.)  MOS is an Illinois corporation with its principal place of business in Illinois.  (*Id*. at ¶ 3.)

8.     Furthermore, Alliance alleges damages of an amount "no less than $5,000,000," making the matter in controversy in this action in excess of $75,000, exclusive of interest and costs.

9.     Venue in this district is proper pursuant to 9 U.S.C. § 4 because the arbitration is scheduled to take place in Chicago, Illinois, which is situated in this district.

### Request For Assistance In Aid Of Arbitration

10.     With this Petition, Argonaut seeks the Court's assistance in aid of arbitration to enforce one of two subpoenas issued by the Panel, commanding third-party Grant Thornton, LLP ("Grant Thornton") to attend a hearing before the American Arbitration Association on May 23,

2011 and produce documents. (*See* Subpoena To Attend Hearing And To Produce Documents Requested Under Prior AAA Subpoena attached as Exhibit 2.) A related subpoena was sought and obtained by MOS providing for Mr. Marc Chiang of Grant Thornton to appear and provide testimony. (*See* Subpoena To Attend Hearing And Give Oral Testimony attached as Exhibit 3.)

11. Grant Thornton was the consultant retained by Alliance to perform financial due diligence in connection with Alliance's acquisition of MOS-LLC. Grant Thornton's principal place of business is San Francisco, California. Grant Thornton is Alliance's consultant with respect to the underlying proceeding, but Alliance has not elected to secure Grant Thornton's cooperation in discovery.

12. On April 1, 2011, the Panel issued a Subpoena Duces Tecum to Grant Thornton, LLC., at Argonaut's request. (*See* Subpoena Duces Tecum attached as Exhibit 4.) No Party to the arbitration objected to the issuance of the Subpoena to Grant Thornton.

13. Grant Thornton, through its counsel Mr. Thomas Falkenberg, objected to the Subpoena Duces Tecum and refused to produce documents related to its work performed on behalf of Alliance, contending that an arbitration panel does not have the authority to compel a non-party to produce documents.

14. Counsel for Argonaut has conferred with Mr. Falkenberg on this issue, pointing out that several courts have recognized the Panel's authority to issue document subpoenas or to compel a non-party to attend a hearing to produce documents. *See Amgen Inc. v. Kidney Center of Delaware County, Ltd.*, 879 F.Supp. 878 (N.D. Ill. 1995), *dismissed on appeal for lack of subj. matter jur.*, 101 F.3d 110 (7th Cir. 1996); *Scandinavian v. Continental, No.*, 04 C 7020, 2005 WL 4440429 (N.D. Ill. June 10, 2005) (discussing the court's previous order in which it granted leave to issue subpoenas in aid of arbitration); *In re Security Life Ins. Co. of America*, 228 F.3d

865, 870-71 (8th Cir. 2000) ("We thus hold that implicit in an arbitration panel's power to subpoena relevant documents for production at a hearing is the power to order the production of relevant documents for review by a party prior to the hearing."); *Meadows Indemnity Co., Ltd. v. Nutmeg Insurance Co.*, 157 F.R.D. 42, 45 (M.D. Tenn.1994) ("The power of the panel to compel production of documents from third-parties for the purposes of a hearing implicitly authorizes the lesser power to compel such documents for arbitration purposes prior to a hearing."); *American Federation of Television & Radio Artists v. WJBK-TV*, 164 F.3d 1004 (6th Cir. 1999). There is a split of authority on this issue in the Northern District of Illinois, upon which Grant Thornton relies. *See, e.g., Matria Healthcare, LLC v. Duthie*, 584 F. Supp. 2d 1078, 1082 (N.D. Ill. 2008); *Ware v. C.D. Peacock, Inc.*, No. 10 C 2587, 2010 WL 1856021, *3 (N.D. Ill. May 7, 2010).

15. In light of Grant Thornton's refusal to cooperate in discovery under the AAA issued subpoena for documents, Argonaut requested that the Panel issue the Subpoena To Attend Hearing And To Produce Documents to Grant Thornton, pursuant to 9 U.S.C. § 7.[1]

16. On April 28, 2011, the Panel—through Panel Member Judge George C. Pratt, formerly a judge for the United States District Court for the Eastern District of New York and the Second Circuit Court of Appeals—issued the Subpoena to Attend Hearing and To Produce Documents and a separate Subpoena To Attend Hearing And Give Oral Testimony. (*See* Apr. 28, 2011 Order attached as Exhibit 5; *see also* Exs. 2-3.) Both were returnable at a hearing to take place on May 23, 2011 at 10:00 a.m. PDT at the offices of Locke Lord Bissell & Liddell LLP, 44 Montgomery St., # 2400, San Francisco, California 94104-4711. (*See* Exs. 2-3.) The

---

[1] Furthermore, in light of Grant Thornton's indication that it would refuse to cooperate in discovery under an AAA issued subpoena to testify at a deposition, MOS requested that the Panel issue the Subpoena To Attend Hearing And Give Oral Testimony to Grant Thornton, pursuant to 9 U.S.C. § 7.

location of this special hearing in San Francisco, California was selected only as an accommodation for the witness and does not change the venue of the arbitration which is set to take place in Chicago, Illinois.

17. Moreover, the Subpoena to Attend Hearing and To Produce Documents requests the assistance of the appropriate court in aid of arbitration to enforce it: "If Grant Thornton refuses to comply with this Subpoena, *the Panel further requests the intervention of judicial authorities in aid of arbitration to enforce this Subpoena*." (Ex. 2 (emphasis added).)

18. As of the filing of this Petition, Grant Thornton still has not agreed to comply with the Subpoena to Attend Hearing and To Produce Documents. (*See* May 11, 2011 correspondence between Mr. Falkenberg and counsel for Argonaut attached as Exhibit 6.)

## CONCLUSION

WHEREFORE, Respondent, Argonaut Private Equity, LLC, respectfully requests that, in aid of arbitration, this Honorable Court (a) issue a subpoena for Grant Thornton, LLP to attend a hearing and produce requested documents, and (b) grant such other and further relief as the Court deems just and proper.

DATED: July 11, 2011

Respectfully submitted,

ARGONAUT PRIVATE EQUITY, LLC

By:   s/ Patrick S. Coffey
         One of Its Attorneys

Patrick S. Coffey (# 6188134)
Timothy M. Maggio (# 6191406)
Ashlee M. Knuckey (# 6300237)
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, IL 60606
Direct: (312) 443-1802 (P.S. Coffey)
Fax: (312) 896-6702 (P.S. Coffey)
-and-

Paul DeMuro
OBA #17605 (*pro hac vice to be filed*)
Nora O'Neill
OBA #19901 (*pro hac vice to be filed*)
FREDERIC DORWART, LAWYERS
124 East Fourth Street
Tulsa, Oklahoma 74103
(918) 583-9922 – telephone
(918) 583-8251 – facsimile

*Counsel for Argonaut Private Equity, LLC*

## CERTIFICATE OF SERVICE

I, Patrick S. Coffey, hereby certify that on July 11, 2011, I electronically filed the foregoing "AMENDED PETITION TO COMPEL ARBITRATION" with the Clerk of the Court using the CM/ECF system, which caused the foregoing to be served upon counsel of record via the Court's CM/ECF system. I further certify that I caused the foregoing to be served upon the following via Federal Express on July 11, 2011, addressed as follows:

| | |
|---|---|
| Christopher J. Blake<br>Leslie L. Mize<br>NELSON MULLINS RILEY &<br>SCARBOROUGH, LLP<br>4140 Parklake Avenue<br>GlenLake One, Suite 200<br>Raleigh, North Carolina 27612<br><br>*Counsel for Alliance HeathCare Services, Inc.* | Marc Chiang<br>Grant Thornton<br>One California Street<br>Suite 2300<br>San Francisco, CA 94111 |

    s/ Patrick S. Coffey
    Patrick S. Coffey

Patrick S. Coffey (# 6188134)
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, IL 60606
Direct: (312) 443-1802
Fax:    (312) 896-6702

*Counsel for Argonaut Private Equity, LLC*