# GROUP EXHIBIT 1

**AMERICAN ARBITRATION ASSOCIATION**

| |
|---|
| ALLIANCE HEALTHCARE SERVICES, INC.<br>    f/k/a ALLIANCE 1,<br>                    Claimant,<br><br>          -V-<br><br>MEDICAL OUTSOURCING SERVICES, INC.<br><br>      and<br><br>ARGONAUT PRIVATE EQUITY, LLC,<br>                Respondents. |

AAA# 73 103 Y 00237 10 TNM

Before :    Robert L. Brent, Esq.
              Lisa D. Taylor, Esq.
              Hon. George C. Pratt
                Arbitrators

**PROCEDURAL ORDER No. 1**

**(SUMMARIZING INITIAL HEARING**
**Held on January 11, 2011)**

      The initial hearing in this arbitration was held by telephone conference call on January 11, 2011. Participating were all three arbitrators, counsel for each of the three parties, and a representative of the American Arbitration Association. The following matters were discussed and, after deliberations by the Panel, determined:

1. By agreement of counsel, the hearing will be held in Chicago, Illinois, at a place to be determined by further agreement of counsel, and to be reported to the panel and the AAA by January 25, 2011.

2. No party indicated any need to amend its pleadings, heretofore filed with the AAA and provided to the Panel.

3. The Accelerated Exchange Program will be used, permitting counsel and the panel to communicate in writing directly, with a copy of any communication being

sent to the other parties and to the AAA Case Manager. No ex parte communications with the Panel are permitted. Communications may be by email. Emailed documents of more than 10 pages shall be followed with a hard copy sent by overnight delivery.

4. Counsel agreed that disputes over discovery and other procedural matters shall be submitted to the Chairman alone for decision, on the understanding that the Chairman may refer any particular dispute to the full panel for disposition.

5. The following schedule is established for this arbitration:

Jan. 25, 2011: Requests for document production to be served.

Mar. 28, 2011: Document production to be completed. Objections to requests shall be raised promptly and resolved if possible by a meet and confer process. Unresolved disputes shall be submitted to the Chairman for resolution before Mar. 28.

Apr. 11, 2011: Parties to designate any proposed expert witnesses, providing a copy of the expert's resume and describing briefly the subject of the expert's proposed testimony.

May 9, 2011: Fact depositions to be completed. Each party shall be required to submit to one 30(b)(6) deposition. In addition, each party shall be entitled to conduct three depositions.

June 6, 2011: Expert reports to be served and filed.

June 24, 2011: Depositions of experts, if requested, to be completed. The deposing party shall pay the expert's fee for its requested deposition.

July 8, 2011: Moving papers on any dispositive or other pre-hearing motions to be served and filed.

July 29, 2011:  Response papers on dispositive and other motions to be served and filed.

Aug. 5, 2011;   Reply papers on dispositive and other motions to be served and filed.   Oral argument on the motions by telephone conference call to be allowed only if requested by a party and approved by the Panel, or if required by the Panel.

Aug. 19, 2011:  Status conference by telephone conference call at 12:00 noon CDT, to be arranged by the Case Manager, to clear up any loose ends.  The call-in information will be:

**Telephone:  888-537-7715**

**Pass code:  30848991#**

Sept. 2, 2011:  Pre-hearing memoranda to be served and filed.

Sept. 19 – 23, 2011:  Evidentiary hearing to be held at a place in Chicago to be agreed upon by counsel.  Hearings shall run from 9:00 AM to 5:00 PM with appropriate breaks.

6.  The parties shall agree on a collection of joint exhibits to be submitted at the hearing.  Joint exhibits shall be designated a J-1, J-2 etc.  Additional exhibits by the parties shall be designated AH-1, AH-2, etc. for Claimant;  M-1, M-2, etc. for Respondent Medical Outsourcing Services, Inc.; and AP-1, AP-2, etc. for Respondent Argonaut Private Equity, LLC.  Exhibits shall be numbered in chronological order.

7. Binders for submission of documents shall not exceed 2 ½ inches in thickness.

8. If a court reporter is desired at the hearing, counsel shall agree upon and make the arrangements.

9. The award shall be a reasoned award.

SO ORDERED.

Uniondale, New York
January 12, 2011

George C. Pratt
For the Panel

George C. Pratt
Farrell Fritz P.C.
1320 RXR Plaza
Uniondale NY 11556-1320
T: 516-227-0604
F: 516-227-0777

Interwoven\1674470.1

## AMERICAN ARBITRATION ASSOCIATION
## COMMERCIAL DISPUTE RESOLUTION
## ORANGE COUNTY, CALIFORNIA

| | | |
|---|---|---|
| **ALLIANCE HEALTHCARE SERVICES, INC.** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| **v.** | ) | **AAA Arbitration No.** |
| | ) | **73-103 Y 00237 10SIM** |
| **ARGONAUT PRIVATE EQUITY, LLC AND** | ) | |
| **MEDICAL OUTSOURCING SERVICES, INC.** | ) | |
| | ) | |
| **Respondents.** | ) | |
| | ) | |

## PROCEDURAL ORDER NO. 2 (SUMMARIZING AMENDED SCHEDULING AGREEMENT OF PARTIES)

The parties to this arbitration, Alliance Healthcare Services, Inc., Argonaut Private Equity, LLC and Medical Outsourcing Services, Inc. (collectively the "Parties") have conferred and agreed upon certain amendments to the initial schedule established for this arbitration in the initial hearing held on January 11, 2011 (See Procedural Order No. 1). The parties have agreed to extend the dates associated with experts by thirty (30) days and the dates associated with fact deposition discovery by sixty (60) days.

The Parties agree that all other dates in the original Scheduling Order shall remain unchanged and that this schedule change and Procedural Order shall not be used to support any future requests by any Party for an extension of the dates previously established for the hearing.

The following schedule is ordered for this arbitration:

May 11, 2011: Parties to designate any proposed expert witnesses, providing a copy of the expert's resume and describing briefly the subject of the expert's proposed testimony.

July 8, 2011: Fact depositions to be completed. Each party shall be required to submit to one 30(b)(6) deposition. In addition, each party shall be entitled to conduct three depositions.

July 6, 2011: Expert reports to be served and filed.

July 8, 2011: Moving papers on any dispositive or other pre-hearing motions to be served and filed.

July 25, 2011: Depositions of experts, if requested, to be completed. The deposing party shall pay the expert's fee for its requested deposition.

July 29, 2011: Response papers on dispositive and other motions to be served and filed.

Aug. 5, 2011: Reply papers on dispositive and other motions to be served and filed. Oral argument on the motions by telephone conference call to be allowed only if requested by a party and approved by the Panel, or if required by the Panel.

Aug. 19, 2011: Status conference by telephone conference call at 12:00 noon CDT, to be arranged by the Case Manager, to clear up any loose ends. The call-in information will be:

Telephone: 888-537-7715

Pass code: 30848991#

Sept. 2, 2011: Pre-hearing memoranda to be served and filed.

<u>Sept. 19 – 23, 2011</u>: Evidentiary hearing to be held at a place in Chicago to be agreed upon by counsel. Hearings shall run from 9:00 AM to 5:00 PM with appropriate breaks.

4/18/11

George C. Pratt
For the Panel

# EXHIBIT 2

## AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| **ALLIANCE HEALTHCARE SERVICES, INC.,** | |
| Claimant, | |
| vs. | Case No. 73 103 Y 00237 10 |
| ARGONAUT PRIVATE EQUITY, LLC and MEDICAL OUTSOURCING SERVICES, INC. | |
| Respondents. | |

## SUBPOENA TO ATTEND HEARING
## AND TO PRODUCE DOCUMENTS REQUESTED UNDER PRIOR AAA SUBPOENA

To: Grant Thornton, LLP
   c/o Marc Chiang
   One California Street, Suite 2300
   San Francisco, CA 94111

GREETINGS:

Further to 9 U.S.C. § 7, this will serve to command your attendance at a hearing before the American Arbitration Association in the above referenced matter on the _23rd_ day of May 2011 at 10:00 am at Locke Lord Bissell & Liddell LLP, 44 Montgomery Street, Suite 2400, San Francisco, California 94104 and produce the documents as described on **Exhibit A** hereto now in your custody at the offices of Grant Thornton, LLP, One California Street, Suite 2300, San Francisco, CA 94111.

If Grant Thornton refuses to comply with this Subpoena, the Panel further requests the intervention of judicial authorities in aid of arbitration to enforce this Subpoena.

           _George C. Pratt_   4/28/11

           George C. Pratt
           Chairman, Arbitration Panel

Subpoena Requested by Argonaut Private Equity, LLC

Nora Rose O'Neill, Esq.
Paul DeMuro, Esq.
FREDERIC DORWART, LAWYERS
124 East Fourth Street
Tulsa, Oklahoma 74103
918.583.9922

Patrick S. Coffey, Esq.
LOCKE LORD BISSELL & LIDDELL, LLP
111 South Wacker Drive, Suite 4500
Chicago, Illinois 60606

Dated: April 27, 2011

EXHIBIT A

The documents being sought by this subpoena are the following:

1. Any and all documents concerning, regarding, or related to review by Grant Thornton, LLP ("Grant Thornton") of Medical Outsourcing Services, LLC ("MOS, LLC") in connection with Alliance Healthcare, Inc.'s ("Alliance") acquisition of MOS, LLC, including but not limited to any information concerning, regarding or related to MOS, LLC and/or MOS, Inc.'s billing for radiopharmaceutical contrast agent fluorodeoxyglucose ("FDG") and the cost of FDG to MOS, LLC and/or MOS, Inc. prior to July 29, 2008.

2. Any and all documents in any way detailing or describing the nature of the work Grant Thornton was engaged to perform in connection with Alliance's acquisition of MOS, LLC, including but not limited any the engagement documents, due diligence lists, task lists, checklists, work plans, project descriptions, information requests or work papers.

3. Any and all documents concerning, regarding, or related to the information on which any Grant Thornton representative, based the advice, reports, findings and/or opinions that were furnished to Alliance or any agent or representative of Alliance related to Alliance's acquisition of MOS, LLC and/or the business practices and/or financial health of MOS, LLC and/or MOS, Inc.

4. All advice, reports, findings and/or opinions furnished by Grant Thornton to Alliance or any agent or representative of Alliance concerning, regarding, or related to Alliance's acquisition of MOS, LLC and/or the business practices and/or financial health of MOS, LLC and/or MOS, Inc.

5. Any and all documents provided to Grant Thornton by MOS, LLC or any agent or representative of MOS, LLC concerning, regarding, or related to the business practices and/or financial health of MOS, LLC and/or MOS, Inc., including but not limited to, for example, financial statements, tax returns, balance sheets, income statements, profit and loss statements

6. Any and all documents provided to any representative of Grant Thornton by Susan Pankow or any other representative of A-Med Billing, Inc. ("A-Med") concerning, regarding or related to the business practices and/or financial health of MOS, LLC and/or MOS, Inc., including but not limited to, for example, any reports related to MOS, LLC and/or MOS, Inc.'s billing practices and procedures.

7. Any and all documents provided to Grant Thornton by any source concerning, regarding or related to the business practices and/or financial health of MOS, LLC and/or MOS, Inc.

8. Any and all documents reflecting or evidencing communications and correspondence, including emails, between any representative of Grant Thornton, and any representative of MOS, LLC, Alliance and/or A-Med concerning, regarding or related to the business practices and/or financial health of MOS, LLC and/or MOS, Inc.

9. Any and all documents reflecting or evidencing communications and correspondence, including emails, among Grant Thornton representatives concerning, regarding or related to the business practices and/or financial health of MOS, LLC and/or MOS, Inc.

# EXHIBIT 3

## AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| **ALLIANCE HEALTHCARE SERVICES, INC.,** | |
| Claimant, | |
| vs. | Case No. 73 103 Y 00237 10 |
| ARGONAUT PRIVATE EQUITY, LLC and MEDICAL OUTSOURCING SERVICES, INC. | |
| Respondents. | |

## SUBPOENA TO ATTEND HEARING AND GIVE ORAL TESTIMONY

To:  Grant Thornton, LLP
175 W. Jackson Blvd., 20th Floor
Chicago, IL 60604

Marc Chiang
Grant Thornton, LLP
One California Street, Suite 2300
San Francisco, CA 94111

GREETINGS:

Further to 9 U.S.C. § 7, this will serve to command the attendance of Marc Chiang of Grant Thornton, LLP at a hearing before the American Arbitration Association in the above referenced matter on the 23rd day of May 2011 at 10:00 at Locke Lord Bissell & Liddell LLP, 44 Montgomery Street, Suite 2400, San Francisco, California 94104 and to give oral testimony on the subjects described on **Exhibit A** hereto.

If Marc Chiang or Grant Thornton, LLP refuses to comply with this Subpoena, the Panel further requests the intervention of judicial authorities in aid of arbitration to enforce this Subpoena.

George C. Pratt
Chairman, Arbitration Panel

4/28/11

<u>EXHIBIT A</u>

1. The review by Grant Thornton, LLP ("Grant Thornton") of Medical Outsourcing Services, LLC ("MOS, LLC") in connection with Alliance Healthcare, Inc.'s ("Alliance") acquisition of MOS, LLC, including but not limited to MOS, LLC and/or MOS, Inc.'s billing for radiopharmaceutical contrast agent fluorodeoxyglucose ("FDG") and the cost of FDG to MOS, LLC and/or MOS, Inc. prior to July 29, 2008.

2. The nature of the work Grant Thornton was engaged to perform in connection with Alliance's acquisition of MOS, LLC.

3. The information on which any Grant Thornton representative, based the advice, reports, findings and/or opinions that were furnished to Alliance or any agent or representative of Alliance related to Alliance's acquisition of MOS, LLC and/or the business practices and/or financial health of MOS, LLC and/or MOS, Inc.

4. The advice, reports, findings and/or opinions furnished by Grant Thornton to Alliance or any agent or representative of Alliance concerning, regarding, or related to Alliance's acquisition of MOS, LLC and/or the business practices and/or financial health of MOS, LLC and/or MOS, Inc.

5. The business practices and/or financial health of MOS, LLC and/or MOS, Inc.

# EXHIBIT 4

AMERICAN ARBITRATION ASSOCIATION

Case No. 73 103 Y 00237 10

| | |
|---|---|
| ALLIANCE HEALTHCARE SERVICES, INC., | |
| Claimant, | |
| vs. | |
| ARGONAUT PRIVATE EQUITY, LLC and MEDICAL OUTSOURCING SERVICES, INC. | |
| Respondents. | |

## SUBPOENA DUCES TECUM

To:    Grant Thornton, LLP
       c/o Marc Chiang
       One California Street, Suite 2300
       San Francisco, CA 94111

GREETINGS:

I COMMAND YOU, that, all business and excuses being laid aside, you produce certain documents as described on **Exhibit A** hereto now in your custody at the offices of Grant Thornton, LLP, One California Street, Suite 2300, San Francisco, CA 94111 on the 11th day of April, 2011, at 10:00 a.m. PST.

_____
George C. Pratt
Chairman, Arbitration Panel                    4/1/11

Requested by Argonaut Private Equity, LLC

Nora Rose O'Neill, Esq.
Paul DeMuro, Esq.
FREDERIC DORWART, LAWYERS
124 East Fourth Street
Tulsa, Oklahoma 74103
918.583.9922

Patrick S. Coffey, Esq.

LOCKE LORD BISSELL & LIDDELL, LLP
111 South Wacker Drive, Suite 4500
Chicago, Illinois 60606

Dated: March 31, 2011

<u>EXHIBIT A</u>

The documents being sought by this subpoena are the following:

1.  Any and all documents concerning, regarding, or related to review by Grant Thornton, LLP ("Grant Thornton") of Medical Outsourcing Services, LLC ("MOS, LLC") in connection with Alliance Healthcare, Inc.'s ("Alliance") acquisition of MOS, LLC, including but not limited to any information concerning, regarding or related to MOS, LLC and/or MOS, Inc.'s billing for radiopharmaceutical contrast agent fluorodeoxyglucose ("FDG") and the cost of FDG to MOS, LLC and/or MOS, Inc. prior to July 29, 2008.

2.  Any and all documents in any way detailing or describing the nature of the work Grant Thornton was engaged to perform in connection with Alliance's acquisition of MOS, LLC, including but not limited any the engagement documents, due diligence lists, task lists, checklists, work plans, project descriptions, information requests or work papers.

3.  Any and all documents concerning, regarding, or related to the information on which any Grant Thornton representative, based the advice, reports, findings and/or opinions that were furnished to Alliance or any agent or representative of Alliance related to Alliance's acquisition of MOS, LLC and/or the business practices and/or financial health of MOS, LLC and/or MOS, Inc.

4.  All advice, reports, findings and/or opinions furnished by Grant Thornton to Alliance or any agent or representative of Alliance concerning, regarding, or related to Alliance's acquisition of MOS, LLC and/or the business practices and/or financial health of MOS, LLC and/or MOS, Inc.

5.  Any and all documents provided to Grant Thornton by MOS, LLC or any agent or representative of MOS, LLC concerning, regarding, or related to the business practices and/or financial health of MOS, LLC and/or MOS, Inc., including but not limited to, for example, financial statements, tax returns, balance sheets, income statements, profit and loss statements

6.  Any and all documents provided to any representative of Grant Thornton by Susan Pankow or any other representative of A-Med Billing, Inc. ("A-Med") concerning, regarding or related to the business practices and/or financial health of MOS, LLC and/or MOS, Inc., including but not limited to, for example, any reports related to MOS, LLC and/or MOS, Inc.'s billing practices and procedures.

7.  Any and all documents provided to Grant Thornton by any source concerning, regarding or related to the business practices and/or financial health of MOS, LLC and/or MOS, Inc.

8.  Any and all documents reflecting or evidencing communications and correspondence, including emails, between any representative of Grant Thornton, and any representative

3

of MOS, LLC, Alliance and/or A-Med concerning, regarding or related to the business practices and/or financial health of MOS, LLC and/or MOS, Inc.

9. Any and all documents reflecting or evidencing communications and correspondence, including emails, among Grant Thornton representatives concerning, regarding or related to the business practices and/or financial health of MOS, LLC and/or MOS, Inc.

# EXHIBIT 5

**Knuckey, Ashlee**

| | |
|---|---|
| **From:** | Pratt, George C. [GPratt@FarrellFritz.com] |
| **Sent:** | Thursday, April 28, 2011 1:41 PM |
| **To:** | John Siemsen; Adrian Mendoza; Chris Blake; Coffey, Patrick S.; Knuckey, Ashlee; O'Neill, Nora; Wilson, Chantel; leslie.mize@nelsonmullins.com; DeMuro, Paul |
| **Cc:** | rlbmail@ucla.edu; ltaylor@iandplaw.com; TerriMartinez@adr.org |
| **Subject:** | RE: Alliance v. MOS (AAA # 73 103 Y 00237 10) |

Dear Counsel:

The Panel has considered the requests of John Siemsen and Paul DeMuro for subpoenas (ad testificandum and duces tecum, respectively) as presented by their emails of April 27, 2011. We have also considered the arguments advanced opposing issuance of the subpoenas.

The Panel has determined to issue the subpoenas, and to make them returnable at a hearing to be begin at the offices of Locke Lord Bissell & Liddell LLP in San Francisco CA on May 23, 2011 at 10:00 AM PDT. Arbitrator Brent will preside over the hearing on behalf of the Panel.

Counsel are directed to confer and agree over arrangements for the hearing, and any disputes or changes or adjournments are to be submitted to Arbitrator Brent for his decision.

Signed copies of the subpoenas will be FedExed to the requesting counsel this afternoon.

SO ORDERED.

April 28, 2011                 George C. Pratt
                                Chairman, for the Panel

George C. Pratt
Farrell Fritz P.C.
1320 RXR Plaza
Uniondale NY 11556-1320
T: 516-227-0604
F: 516-227-0777

# EXHIBIT 6

| | |
|---|---|
| **From:** | Falkenberg, Thomas |
| **To:** | DeMuro, Paul; "John Siemsen" |
| **Cc:** | Coffey, Patrick S.; O'Neill, Nora; "Chris Blake" |
| **Subject:** | RE: Alliance v. MOS -- Grant Thornton Subpoena |
| **Date:** | Wednesday, May 11, 2011 2:43:38 PM |

I understand your position.  I will contact you as soon as I can if a decision is made to comply in spite of the objections.

Tom

_____

**Thomas F. Falkenberg**

WILLIAMS MONTGOMERY & JOHN LTD
A FIRM OF TRIAL LAWYERS

Phone | 312.443.3240 Fax | 312.630.8540
233 South Wacker Drive, Suite 6100
Chicago, Illinois 60606
tff@willmont.com | www.willmont.com | Bio | VCard

**Confidentiality Statement.**  The information contained in this electronic mail communication is intended only for the personal and confidential use of the designated recipient named above.  This message may be an attorney-client communication, and as such is privileged and confidential.  If the reader of this message is not the intended recipient, you are hereby notified that you have received this communication in error, and that any review, dissemination, distribution, or copying of the message is strictly prohibited.  If you have received this transmission in error, please notify us immediately by telephone at 312.443.3200 and/or by reply e-mail.

**From:** DeMuro, Paul [mailto:PDEMURO@fdlaw.com]
**Sent:** Wednesday, May 11, 2011 2:39 PM
**To:** Falkenberg, Thomas; 'John Siemsen'
**Cc:** Coffey, Patrick S.; O'Neill, Nora; 'Chris Blake'
**Subject:** RE: Alliance v. MOS -- Grant Thornton Subpoena

Thomas:

I understand, based on our phone call a few minutes ago, that there might be some hope that GT would be willing to honor the subpoenas, notwithstanding the objections you set out below.  As we discussed,  the parties to the arbitration are working under time constraints in preparing for the merits hearing in early September.  As such, we can't afford to wait much longer to file an enforcement action.  Thus, if GT does not commit to honoring the subpoenas by the COB this Friday, May 13, 2011, we will proceed with a judicial enforcement action.

If you would like to discuss this further, please give me a call.

Sincerely,

Paul DeMuro
Frederic Dorwart, Lawyers
124 E. 4th Street
Tulsa, Oklahoma  74103
918-583-9957 (office)

918-605-8382 (mobile)
918-583-8251 (fax)
pdemuro@fdlaw.com

---

**From:** Falkenberg, Thomas [mailto:TFF@willmont.com]
**Sent:** Wednesday, May 11, 2011 2:23 PM
**To:** DeMuro, Paul; 'John Siemsen'
**Cc:** Coffey, Patrick S.; O'Neill, Nora; 'Chris Blake'
**Subject:** RE: Alliance v. MOS -- Grant Thornton Subpoena

Paul,

I spoke with John about this yesterday and advised him that we are not available on May 23 because of conflicts.  I did not want anyone making any travel plans, as irrespective of objections, the date does not work.

Grant Thornton objections to the subpoenas on the following grounds:

Grant Thornton is not bound by arbitration subpoenas where they are not a party to the arbitration. The Federal Arbitration Act and cases interpreting it do not allow for third party discovery. Additionally, the panel lacks authority to issue a subpoena out of any district court other than the district in which the arbitration is actually proceeding, which is the N. Dist. of IL.  Additional detail as to these objections has been previously provided in my prior communications in response to the earlier subpoena, and are incorporated herein by reference.

Please let me know if you have any questions.

Tom

---

**Thomas F. Falkenberg**

WILLIAMS MONTGOMERY & JOHN LTD
A FIRM OF TRIAL LAWYERS

Phone | 312.443.3240 Fax | 312.630.8540
233 South Wacker Drive, Suite 6100
Chicago, Illinois 60606
tff@willmont.com | www.willmont.com | Bio | VCard

**Confidentiality Statement.**  The information contained in this electronic mail communication is intended only for the personal and confidential use of the designated recipient named above.  This message may be an attorney-client communication, and as such is privileged and confidential.  If the reader of this message is not the intended recipient, you are hereby notified that you have received this communication in error, and that any review, dissemination, distribution, or copying of the message is strictly prohibited.  If you have received this transmission in error, please notify us immediately by telephone at 312.443.3200 and/or by reply e-mail.

---

**From:** DeMuro, Paul [mailto:PDEMURO@fdlaw.com]
**Sent:** Wednesday, May 11, 2011 7:51 AM
**To:** Falkenberg, Thomas
**Cc:** DeMuro, Paul; Coffey, Patrick S.; O'Neill, Nora; DeMuro, Paul
**Subject:** Alliance v. MOS -- Grant Thornton Subpoena

Tom:

I have heard nothing from you regarding whether GT intends to honor the subpoenas that direct GT to produce a representative on May 23rd.   The Arbitration Panel has asked us to confirm whether Grant Thornton plans to honor the subpoenas so that the Panel, and the parties, can make the necessary travel and logistical arrangements.

Please let me know by the close of business today.

Regards,

Paul DeMuro
Frederic Dorwart, Lawyers
124 E. 4th Street
Tulsa, Oklahoma  74103
918-583-9957 (office)
918-605-8382 (mobile)
918-583-8251 (fax)
pdemuro@fdlaw.com

_____

Confidentiality Statement. The information contained in this electronic mail communication is intended only for the personal and confidential use of the designated recipient named above. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this communication in error, and that any review, dissemination, distribution, or copying of the message is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone at 312.443.3200 and/or by reply e-mail.

_____

Confidentiality Statement. The information contained in this electronic mail communication is intended only for the personal and confidential use of the designated recipient named above. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this communication in error, and that any review, dissemination, distribution, or copying of the message is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone at 312.443.3200 and/or by reply e-mail.